## GAMARD *v.* HART et al.

*Where the judgment enjoined bears interest at ten per cent a year, the court, on dissolving the injunction, cannot increase the interest. Whatever else it may be proper to allow, must be in the form of damages.*

APPEAL from the District Court of Rapides, *Cushman*, J. *Ryan*, for the appellant. *Elgee* and *Hyams*, for the defendants. The judgment of the court was pronounced by

KING, J. *B. B. Hart* and *Labadie* and *Jaquelin* obtained judgments against *Gamard*, and caused writs of *fieri facias* to issue, under which the sheriff seized a slave. The plaintiff, representing his minor child, *George Alfred*, instituted this action to enjoin the execution of the writs, alleging that the slave seized belonged to his minor son, in virtue of a donation from one *Valletti*, duly accepted. The defendants, in their answer, aver that the pretended act of donation is simulated and fraudulent, and was made for the purpose of placing the slave beyond their pursuit. They pray for a dissolution of the injunction, with damages. The cause was submitted to a jury, who returned the following verdict: "We, the jury, find for the defendant." A judgment was thereupon rendered dissolving the injunction, and condemning the plaintiff, and his surety on the bond, *in solido*, to pay ten per cent per annum interest on the amount of the judgment enjoined, from the date of the injunction, with fifty dollars damages as counsel fees, and the costs of suit, from which the plaintiff has appealed.

The evidence, in our opinion, fully establishes the act of donation from *Valletti* to *George Alfred Gamard* to have been a simulation, and supports the verdict of the jury.

The facts, as they appear from the evidence, are briefly these: *Alphonse Gamard*, the father, originally purchased the slave in controversy, in 1840. In 1843, but a few weeks previous to making a cession of his property, by a private act, admitted to record after the filing of his surrender, he sold the slave to *Valletti*, for $400, acknowledging to have received the price in cash. In September, 1845, *Valletti* made the alleged donation to the minor *George Alfred*. *Gamard* was a country merchant, doing a very limited business. He was insolvent, by his own admissions in his proceedings on his surrender, at the date of his sale, and continued to be much embarrassed in his affairs at the date of the donation. *Valletti* was his clerk, not possessed of the means necessary to make the purchase, and receiving, according to the testimony, a salary not exceeding twenty five dollars per month. The donation was made about the time that *Valletti* was leaving the country. No change of possession is shown to have followed any of the acts, *Gamard* appearing to have always remained in possession from the date of his purchase in 1840. This testimony, we think, authorized the conclusion of the jury that, the sale from *Gamard*, and the donation from *Valletti*, were simulations.

But it is contended that, the district judge erred in allowing interest, and counsel fees, which were not authorized by the verdict.

It is not important to enquire whether the judge possessed the power, under the act of 1831, to award interest and damages on the dissolution of the injunction, notwithstanding the silence of the verdict on these points; as the whole case is before us upon the evidence, it becomes our duty to render such a decree as, in our opinion, should have been rendered in the court below, and to allow such damages as the defendants may be entitled to.

We think that the judge erred in awarding ten per cent interest on the amount of the judgments enjoined, as both of the judgments previously bore interest at that rate. 19 La. 303. 3 Rob. 123. The judge must have considered the defendants entitled to damages, which were allowed as interest; and, in concurring with him in that opinion, we will give the defendants ten per cent as general damages; also fifty dollars, special damages, for counsel fees, which the evidence shows to be reasonable.

It is, therefore, ordered that, so much of the judgment appealed from as condemns the plaintiff, and his surety, *John Kirley*, to pay interest at ten per cent per annum on $1581, from the 6th day of March, 1847, until paid, with $50 damages, for counsel fees, be reversed. It is further ordered that, the defendants *Bernard B. Hart*, and *Labadie* and *Jaquelin*, recover of *George A. Gamard*, represented by *Alphonse Gamard*, and his surety, *John Kirley, in solido*, one hundred and fifty eight dollars, being ten per cent as general damages on the amount of the judgments enjoined, and the further sum of fifty dollars as special damages for counsel fees, and the costs of the lower court. In other respects, the judgment appealed from is affirmed; the appellees paying the costs of this appeal.