### No. 648.—E. N. CULLOM *v.* WILLIAM MOCK.

In fixing the value of the services rendered by an attorney in a litigation in which he has been engaged, the court will not be governed exclusively by the estimate of the witnesses, but will look into the whole record and form an estimate founded on the usual charges made for such services as appear to have been rendered.

APPEAL from the District Court, parish of Avoyelles. *Lewis*, J. E. *North Cullom* (in person), plaintiff and appellee, *Taylor & Irion*, for defendant and appellant.

TALIAFERRO, J. The plaintiff sues to recover one thousand dollars, which sum he alleges is due him by the defendant for attorney's fees. The defendant' admits that he engaged the plaintiff's services as attorney, but avers that the plaintiff failed to be present and give his personal attention to the suit on appeal and that he was on that account compelled to employ other counsel. ·

The plaintiff had judgment in his favor for the amount claimed, with five per cent. interest from the fifteenth of September, 1866. From this judgment the defendant appeals.

It is not denied that the plaintiff is entitled to remuneration, but it is contended that the value of the services rendered has not been clearly establ.shed. It is further objected that the judgment of the lower court is erroneous in allowing interest from the fifteenth of September instead of from the thirty-first of October, the date of the signing of the judgment.

We gather from the record that the plaintiff was engaged in the inception of the suit and conducted it through the District Court; that the case was an important one and much complicated; that the trial in the lower court occupied several days, and that the plaintiff had spent much time and labor in preparation for the trial. It further appears that he furnished an elaborate brief for the appellate court, and was prevented from being personally present by sickness. On the other hand, it appears that in June, 1866, after the trial in the District Court, plaintiff made a visit to Kentucky. During his absence, the defendant employed eminent counsel to attend and argue his case in the appellate court. The counsel thus employed, it is shown, examined the

brief furnished by the plaintiff, and remarked that he had no objection to it, and made only a few additions to it, and these of an unimportant character. The defendant swears that in consequence of the absence of the plaintiff he was compelled to employ other counsel to whom he paid seven hundred dollars. It seems that the defendant felt much solicitude as he naturally would do having large interests at stake; and we cannot but think it commendable prudence in him to provide against the possible contingency of the plaintiff's failure to return in September to attend the appellate court. It is always important that the leading counsel in a case, the one presumed to be more familiar with the subject in all its bearings than any other person, should be personally present at the trial. Of this advantage the defendant was deprived, although he was successful on the final trial, and the plaintiff did all in his power to compensate his own unavoidable absence. By the rules which have guided this court in relation to fees for professional services it has not been governed wholly by the opinions of witnesses regarding the value of the services rendered, especially where these opinions have not been corroborated by other evidence. A counsel fee is in its nature *honoranum* and not *merces;* and the fixing its amount is a matter of much delicacy, and one in which the court must be regulated by a conscientious estimate of the value of the services. In this case no specific agreement as to the compensation to the counsel seems to have been made. And no specific sum is fixed by any of the witnesses as the value of the services. Nevertheless, it is shown that the defendant recovered ninety-five bales of cotton, and that at that time cotton was worth from thirty to thirty-five cents per pound. Two of the witnesses say the usual fee in such cases is ten per cent. of the amount recovered. This is perhaps the approximate basis upon which the judgment of the lower court rests as to the amount. Upon a review of all the facts presented, we think the judgment should be reduced, and that eight hundred dollars should be awarded the plaintiff as a liberal compensation. As to the time from which interest should run, we think the lower court did not err in fixing it at the time of the termination of the suit.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. And it is further ordered, adjudged and decreed that the plaintiff recover from the defendant eight hundred dollars, with five per cent. interest thereon from the fifteenth day of September A. D. 1866. It is further ordered that the defendant and appellant pay the costs incurred in the lower court, and the plaintiff and appellee those of this appeal. 5 N. S. 399; 3 An. 518; 4 An. .578, 503; 11 An. 637.