### No. 3710.—SUCCESSION OF THOMAS J. WELLS.

An executor or administrator is bound by his oath of office, to defend the rights of the succession he administers, and when suits are brought in the courts where the succession is administered, he may employ counsel to aid him, who must be paid by the succession.

An attorney's fees for services rendered the succession is a debt against the estate, which must be paid by preference over the creditors of the deceased.

In estimating the value of services rendered by attorneys to an estate while under administration, the court will not be governed entirely by the evidence given on the trial of the oppositions thereto, but it will fix such an amount as appears from the nature of the services rendered reasonable and just.

APPEAL from the Parish Court, parish of Rapides. *H. L. Daigre,* Parish Judge. *M. Ryan, T. C. Manning* and *James G. White,* for executor and attorneys, appellants. *E. North Cullom* and *Wm. Seay,* for opponent and appellee.

LUDELING, C. J. This is an appeal from a judgment of the parish court of the parish of Rapides, on opposition to a tableau of distribution, filed by the executor of Thomas J. Wells.

The items opposed are the executor's commissions and the attorneys' fees.

The amount of the commissions charged by the executor is such as the law allows; and, as a debt due by the succession, it is entitled to be paid by preference over the debts of the deceased.

In regard to the fees of M. Ryan and Manning and White, the evidence proves that the said attorneys were employed by the executor to attend to the mortuary proceedings of the succession, and to protect the rights of the succession in various litigated and important suits. Although the evidence in the record would justify us in allowing the full amount charged by them, yet, under the settled jurisprudence of this State, we do not feel constrained to adhere to the estimates of witnesses as to the amounts which should be allowed as fees; and we will fix the fees as appears to us, from the nature of the services, reasonable and just.

The fees of E. C. Billings and Labatt and Preston, placed upon the tableau, were opposed, and no evidence was offered to show that they were due.

The opponents contend that the fees of the attorneys and commissions of the executor are not privileged claims, and that the attorneys' fees are not debts chargeable to the succession, inasmuch as their services did not inure to the benefit of all the parties in interest, and that their services did not inure to the benefit of opponent, in particular, with whom most of the litigation was carried on.

It is the duty of executors and administrators to assert and defend the rights of the successions they administer; and to do so in the courts, they must employ the services of lawyers, for which the successions should pay. All interested in the successions may be said to be benefited by such legal services, inasmuch as there could be no settlement of a succession until all contests relative to debts claimed against the successions, or to the rights of the successions to property, had been determined. Other creditors than the opponent were interested in the succession; and as the succession will not be able to pay all the debts against it, it would have benefited them to defeat the opponent's claim. There is nothing in the record to show that the executor abused the right vested in him to employ counsel to defend the rights of the succession.

The fees of attorneys for services of this nature and commissions of administrators and executors are debts of the succession, and they are of a higher dignity than the debts of the deceased and they must be paid by preference. 10 La. 440; 3 An. 396; 18 An. 721.

It is therefore ordered and adjudged that the judgment of the lower court be amended as follows: by allowing five hundred dollars to M. Ryan and two thousand dollars to Manning and White, with preference over the debts of the deceased, other than privileged claims, and by maintaining the opposition to the claims of E. C. Billings and Labatt and Preston. It is further ordered, that as thus amended, the judgment of the lower court be affirmed and that appellee pay costs of this appeal.