## Ann Morgan, Admx. of Francis Morgan, deceased, Appellant, *v.* Michael Morgan.

*Mortgage—Affidavit of defence—Escrow—Consideration.*

An affidavit of defence to a scire facias sur mortgage is sufficient which avers that at the time the mortgage was executed the mortgagee directed the attorney who had prepared it, to hold it in escrow, keep it in his fire proof and not record it until the mortgagee and the mortgagor should give her further instructions; that after the death of the mortgagee the attorney gave the mortgage to the mortgagee's administratrix, informing her that it had never been delivered; that the defendant, the mortgagor, had never received any money on account of the mortgage, and that no interest had ever been demanded from him or paid by him.

Argued Feb. 7, 1895. Appeal, No. 122, Jan. T., 1895, by plaintiff, from order of C. P. Montgomery Co., Oct. T., 1894, No. 104, discharging rule for judgment for want of a sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Scire facias sur mortgage.

Defendant in his affidavit of defence averred:

That on or about the first day of December, A. D. 1887, he purchased at sheriff's sale a messuage and tract of land situate in the township of Whitpain, in the county of Montgomery aforesaid, containing 39 acres and 41 perches, more or less. And on December 12, A. D. 1887, Henry C. Kline, high sheriff of said county, acknowledged and delivered to him a deed poll for said premises, which deed is recorded in said court in Sheriff's Deed Book, "I.," page 161, etc. That sometime afterwards, the decedent, Francis Morgan, who was his brother, desired to purchase said property for the benefit of the children of a deceased sister, Mrs. Daniel Crowley, some of whom were minors, and your affiant agreed to sell and convey said premises, but nothing was put in writing concerning the same. Subsequently, your affiant and said Francis Morgan, at the suggestion of the latter, called on C. Henry Stinson, Esq., a member of this bar, and the said Francis directed him to prepare a bond and mortgage of said premises to secure the sum of $5,000 with interest, which was to be executed by your

affiant, and also to prepare a deed for the same premises from your affiant to Daniel Crowley, father of said children aforesaid, the plan being, as your affiant understood it from said Francis, to have the title of said premises placed in said Daniel Crowley, under and subject to the lien of said mortgage, so that after the title was so vested in said Crowley, he, the said Francis, could foreclose said mortgage and compel a sale if occasion should demand it for the interest of said children.

Your affiant further avers, that afterwards, to wit, on March 20, 1888, the said Francis and himself called again upon the said C. Henry Stinson, Esq., for the purpose of executing said papers which he had been directed to prepare. That all said papers were ready for execution, but the said Francis did not desire your affiant to execute and deliver a deed to said Daniel Crowley at that time. At his request, however, your affiant executed said bond and mortgage, and at the time of said execution, cotemporaneously therewith, the said Francis directed the said C. Henry Stinson to hold the said bond and mortgage in escrow, the same not to be considered as delivered, to keep the same in his fire-proof safe, and not to record them or do anything with them until he and your affiant should subsequently give him other instructions regarding the same, as the entire matter was a family arrangement. That said Francis, at that time, also directed the said Stinson to place said deed, unexecuted, with said bond and mortgage in his fire-proof safe until he and your affiant should give him other instructions concerning the same, which said deed is still in the possession of said Stinson, and has been ever since, as your affiant is informed.

Your affiant further avers, that said bond and mortgage remained in escrow and undelivered in the hands of the said C. Henry Stinson, until after the death of the said Francis Morgan, when the said Stinson informed the administratrix of his estate that he held said papers, and afterwards, on demand made by her, he delivered the said bond and mortgage to her, informing her at the same time, as your affiant is informed, that the said papers were never delivered to said Francis Morgan, but were simply held in escrow by said Stinson.

Your affiant further avers, that at the time of the execution of said bond and mortgage no money had been paid to him on

account thereof by the said Francis Morgan, nor was any paid on the day of the execution; that he never received any money afterwards for or on account thereof; that he does not owe any part of said $5,000 so purporting to be secured by said bond and mortgage, nor any interest thereon, and that no interest whatever was ever demanded of him by said decedent, nor was any ever paid by him on account thereof.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defence.

*William F. Meyers*, for appellant.—The delivery was not in escrow: Blackstone's Com., vol. 2, p. 207; White v. Williams, 2 Green's Ch. Rep. N. J. 376.

When the defence set up involves an issue of fact the affidavit must state all the facts necessary to constitute a substantial defence: Kaufman v. Cooper Iron Co., 105 Pa. 537; Peck v. Jones, 70 Pa. 83: Class v. Kingsley, 142 Pa. 636; Lord v. The Ocean Bank, 20 Pa. 387; March v. Marshall, 53 Pa. 396; May v. Meehan, 159 Pa. 419.

*Charles H. Stinson* and *William F. Solly*, for appellee, were not heard.—The only delivery was in escrow: Jackson v. Catlin, 2 Johns. (N. Y.) 248; White v. Williams, 2 Green Chanc. N. J. 376; Devlin on Deeds, sec. 312; 3 Washburn on Real Property, 584.

The affidavit was clearly sufficient because no consideration passed for the mortgage.

A reasonable intendment is to be made in favor of affidavits of defence, and they should not be subjected to a scrutiny unduly rigid. Twitchell v. McMurtrie, 77 Pa. 383; Moeck v. Littell, 82 Pa. 354; Thompson v. Clark, 56 Pa. 33; Bronson v. Silverman, 77 Pa. 94; Reznor v. Suplee, 81 Pa. 180; Kauffman v. Iron Co., 105 Pa. 537.

PER CURIAM, Feb. 25, 1895:

Assuming, as we must in cases such as this, that the averments of fact contained in the affidavit of defence are true, the court was right in holding that there is enough in defendant's affidavit to carry the case to the jury; and hence there was no

error in discharging plaintiff's rule for judgment for want of a sufficient affidavit of defence.

Appeal dismissed with costs to be paid by plaintiff, but without prejudice, etc.