The opinion of the court was delivered by
Watkins, J.
The controversy in this case arises over an opposition to the account of the administratrix in the succession of the deceased, the surviving widow having' administered the estate of her husband. On the face of the account it appears that the sole asset of the succession was a piece of improved real estate in this city, bearing' the municipal number 1352 Oamp street, between Melpomene and Terpsichore; and tho same was sold at auction under an order of court made in the succession, on June 21, 1899, and that the sale realized in proceeds the sum of $2300.
Tho accountant proposed to distribute the proceeds as follows:
(1) In payment of debts first in rank, such as taxes, funeral expenses, costs of court, etc.
(2) Those in the second rank, costs of sale.
(3) The amount due Henry Dours as holder of a note dated June 26th, 1895, for one thousand dollars, and interest to July, 1899, bearing a vendor’s lien on the property sold, aggregating the sum of. .$1969 66
(4) Balance due Mrs. Louise M. Michel as the holder of another note, same amount and date, with interest and vendor’s lien and mortgage ...............................................$80 00
(5) Amount due to the surviving widow for monies received from her by her husband and duly acknowledged by authentic act, and duly recorded as a mortgage, amounting to the sum of...........$1000 00
Deducting from the total proceeds of sale...............$2300 00
debts bearing first privilege.......................$483 33
and debts bearing second privilege................. 162 13 — 645 46
The balance is' $1654 54
*1497 On this statement there is an insufficiency of proceeds to pay tho debts third in rank, that is to say, the vendor’s note held by Henry Dours, in the sum of $315.12; and there is nothing left to be applied to the mortgage note held by Mrs. Michel nor to the surviving widow on her legal mortgage. Upon the account there is an allowance of $150 provided as fees of the attorney of the administratrix of the estate; and this item is given a place among those debts bearing a first privilege.
It thus appears that this sum of $150 attorney’s fees being first deducted, had the effect of diminishing the share coming to Henry Dours as creditor with vendor’s lien on the property sold; and if same are applied to the latter, he would be enabled to recoup the greater part of the deficiency on his claim.
On this state of facts, Mrs. Louise Michel, holding a claim in the fourth rank, filed an opposition, alleging that the administratrix was without right to charge the succession with attorney’s fees, and deduct same from the proceeds of sale, because she, as the holder of a note with vendor’s lien and mortgage upon the property sold, was entitled to be paid by preference over said attorney, and that the administratrix had no right to thus absorb the proceeds of sale to her prejudice, and that the attorney of the administratrix wjas not entitled to receive the same.
For the purpose of diminishing the costs of a large transcript, the parties litigant made and eñteréd into, the following agreement and admissions :
“First. — It is admitted that Benjamin Ory was the attorney employed by the administratrix to open this succession, and that he acted as such attorney up to and including the legal proceedings for the homologation of the account filed herein.
“Second. — It is admitted that the mortgage note held by Mrs. Louise Michel could not have been foreclosed without the appointment of a legal representative to and for the succession of Aristide Negueloua.
“Third. — It is admitted that the service rendered by Benjamin Ory, as attorney, as charged by him, are reasonable.
“Fourth. — It is agreed between counsel that these admissions and the present agreement shall stand in lieu of the original proceedings in the matter of the succession of Aristide Negueloua, with the exception of the account, the note of evidence taken thereon, and the judgment of the court homologating said account.
*1498 “Fifth. — It is further admitted that the only assets of this estate, and inventoried herein, is the piece of real estate sold, the proceeds whereof were credited on the account.”
On these issues, the case went to trial, and there was a judgment which sustained the opposition to the extent of striking from the account the item of funeral expenses due Thomas Doyle, undertaker, $92.00, and that of Benjamin Ory, $150 for attorney’s fees; or, in other words, that same “be stricken from the list of privileges to be paid first in rank, and placed on the list of privileges to be paid fourth in rank out of the balance of the estate, and after payment of the note of $1080 placed on the said account to the credit of Mrs. Louise M. Michel, opponent herein.” The account was, in other respects, approved.
■ As thus reformed by the judgment of the district court, the account would stand thus:
Deficit on debt of Henry Dours...........................$315 12
Less deductions in judgment in claim of first and second rank. 202 00
Balance of deficit.................................$13 12
It appears from this statement that there is nothing applicable to the claim of the opponent, Mrs. Michel; and in any view of the .matter, she is without interest.
But the appeal from the judgment of the lower court was taken by Benjamin Ory, attorney for the administratrix, and he is entitled to a hearing in this court upon the legal question involved with regard to the priority in rank of the vendor’s lien of Dours over his claim for attorney’s fees, notwithstanding the appellee has filed no answer to the appeal and made no appearance in this court by either counsel or brief.
It is to be observed at the outstart, that there was no opposition to an administration of the estate made by either of the mortgage creditors, and neither of them inaugurated executory proceedings for the foreclosure of the vendor’s mortgage. An administration having been commenced, an account filed, and an order for the sale of the property made to pay debts, all the subsequent proceedings were regular and formal, and tire claims of the mortgage creditors were placed upon the account filed by the administratrix; and, the contestation raised being for the distribution of the proceeds of sale, all parties have acquiesced in the sale as made.
*1499 Hence, there is but a single question involved, and that is the rank of a vendor’s lien and mortgage; and whether attorney’s fees for the opening of the succession in these circumstances, can be taxed against the proceeds as ranking the claim of the vendor thereon.
The following provisions of the Code are applicable to this case:
“The privileges which extend alike to movables and immovables are the following:
“1. Funeral charges.
“2. Judicial charges.
“3. Expense of last illness.
“4. The wages of servants.
“5. The salaries of secretaries, clerks and other agents of that kind.”
R. C. C. 3252.
Then follows the privilege of the widow and minor children of the deceased, who are left in necessitous circumstances; and the following provisions occur, which are pertinent to this case:
“When for want of movables, the creditors who have a privilege according to the preceding article, demand to be paid out of the proceeds of the immovables of the debtor, the payments must be made in the order laid down in the following chapter.” R. C. C. 3253.
In the following chapter, we find the following authority for the payment of creditors who have a privilege according to the preceding article, to-wit:
“Funeral charges are the first paid.
“Law charges, the second.
“Expenses of the last illness, the third.
“The wages of servants, the fourth.
“Supplies of provisions, the fifth.
“The salaries of clerks, secretaries and others of that nature, the sixth.
“And, finally, the wife’s dower, the seventh.
“The one thousand dollars secured by law to the widow or minor children, as set forth in Article 3252, shall be paid in preference to all other debts, except those for the vendor’s privileges and expenses incurred in selling the property.” R. C. C. 3254.
In this case, the widow has made no claim, and if made, her claim would not be good, as under the express provisions of the article last cited, it would be overborne by the vendor’s privilege, and the expenses *1500 incurred in selling the property. And the contention of counsel for the mortgage creditor is, that the vendor’s privilege not only primes that of the widow, but, also, all “other debts” listed in that article; and the contention of counsel for the administratrix is, that as the mortgage creditor had not undertaken any proceedings for the sale of the property, and as there was no one in esse capable of being served with process', thus rendering an administration necessary, that attorney’s fees must be considered as a necessary part of the expense incurred in selling the property.
A further imovision of the Code is, that if the movables of the succession are, for any reason, “not sufficient to discharge the debts having a privilege on the whole movable property, the balance must be raised on the immovables of the debtor, as hereafter provided.” R. C. C. 3266.
“With the exception of special privileges, which exist on immovables in favor of the vendor, of workmen and furnishers of materials, as declared .above, the debts privileged on the movables and immovables generally, ought to be paid, if the movables are insufficient, out of the product of the immovables belonging to the debtor, in preference to all other privileged and mortgage creditors, etc.” R. C. C. 3269.
The sense of that article is, that debts bearing a privilege upon movables and immovables, generally, must be paid from the product of the immovables in ease the movables are insufficient to discharge the same, in preference to all privileged or mortgaged creditors, except the vendor; and that is equivalent to recognizing the first privilege of such creditor in a case like this where there are no movables.
But the provisions of this article are in exact keeping with those of Article 3284; and in each case the right of creditors having a privilege upon both movables and immovables are subjected to ‘the prior claim of the vendor — the only exception being the expenses incurred in selling tlie property.
From the foregoing, the contention is, that the result must be that the vendor’s lien and mortgage prime all the debts of the succession in the order of payment, and all claims of every kind and character, except the “expenses incurred in selling the property”; and this contention is founded upon the terms of the Code, to the effect, that the claim of the necessitous widow is to be paid in preference to all other debts— those of the succession as well as those of the deceased — “except those *1501 for the vendor’s privilege and expenses incurred in selling the property.”
While that phrase is not altogether clear in the statement that the vendor’s privilege primes all other debts, yet the inference is that it does, because it primes that of the widow, and her claim primes all others; and to hold differently, would be to render tho article illogical and inconsistent in itself.
But the further provisioii is:
“With the exception of special privileges which exist on immovables in favor of the vendor * * * the debts privileged on movables and immovables, generally, ought to be paid * * * out of the product of the immovables belonging to the debtor in preference to all other privileged and mortgage creditors.”
These two articles, when construed together, clearly prove that the vendor is entitled to preference over all creditors of the deceased and of the succession, except the expenses incurred in selling the property.
This ease is quite singular in its circumstances and sui generis.
There was no objection urged to the probate sale on the part of the creditor holding a special mortgage and vendor’s lien on the property sold; and it was the only asset of the succession. Either of the.two creditors holding mortgages could have resorted to executory proceedings in the foreclosure of the same, but preferred not to do so. As neither of them took occasion to resort to legal proceedings, none can be considered as necessary, and no charge of attorney’s fees for collecting the mortgage debt can be deemed exigible.
As matters stood, these mortgage creditors would have been put to the expense and trouble of opening the succession of the deceased mortgagor in order to obtain a'seizure and sale.
Unquestionably, the administratrix is entitled, under the law and jurisprudence, to charge a reasonable sum for the fees of the attorney necessarily incurred in the administration of the estate; and nothing appears from the account to show that any claim is made for tho fees of the attorney of the mortgage creditor.
Therefore, we are dispensed from the consideration of the question of the property being taxed twice for the payment of attorney’s fees— those of the mortgage creditor, and those of the administratrix.
Under these circumstances, we are of opinion that the judgment appealed from is erroneous, and should be reversed.
*1502 It is, therefore, ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the allowance of $150 for attorney’s fees be reinstated on the account filed with its original rank and privilege, and that as thus altered, the same be homologated and approved, and that all costs be taxed against the succession.