---o---

## No. 6277.

## SUCCESSION OF CHARLES N. ROTH.

### Syllabus.

Courts are guided by three elements in estimating the value of services rendered by attorneys, their quality, their quantity and the value of the subject matter concerning which the services were rendered.

A fee of $250 is reasonable to a curator ad hoc who represented two minors at the probating of a will, who was present at two inventories, in the Cities of New Orleans and Plaquemines, in which the interest of the minors was appraised at $55,000.00, and who represented the minors in a partition suit of real estate in the City of Plaquemine in which the share of the minors was appraised at $3,500.00, and whose duty called him on two different days to the City of Plaquemines.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 105,023. Honorable F. D. King, Judge.

J. N. Pugh, for plaintiff and appellee.

A. B. Booth, Jr., for appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff, William H. Byrnes, Jr., is an attorney at law. He sues for fees as curator ad hoc herein.

The facts are as follows:

Charles N. Roth died, leaving a widow and two minor children. He left a will by which he appointed his wife executrix. She filed the will for probate and prayed that a curator ad hoc be appointed to represent the two minor children of the deceased. On June 25, 1913, the plaintiff was appointed to attend the opening and proof of the will. On July 3rd, on the prayer of the widow, he was ordered by the Court to attend at the taking of the inventories in the Parishes of Orleans, Iberville and West Baton Rouge. The inventory in the Parish of Orleans amounted to $8000 in immovables belonging wholly to the minors. The inventory in the Parish of Iberville appraised the interest of the minors at about $42,500 and in West Baton Rouge at about $4,500, making a total amount of property for the minors of about $55,000. The first two inventories were signed by the curator ad hoc.

In August, 1913, Jacob McWilliams, a co-proprietor of the Nedra Plantation in the Parish of Iberville, filed suit in said parish for a partition by sale against the Succession of Charles N. Roth, and prayed that a curator ad hoc be appointed to represent the two minor children of said Roth. The Court appointed W. H. Byrnes, Jr., plaintiff

— 169 —

herein. He filed an answer denying the necessity of the sale. There was a regular trial, after which a judgment was rendered ordering a partition by sale.

The plaintiff thus states the services rendered by him. He attended one or two conferences between Mrs. Roth and her attorney at her residence, he was present at the opening and probating of the will, also at the taking of the inventories in the Parishes of Iberville and Orleans; and he went to Iberville on the day of the trial of the partition suit.

For these services he claims a fee of $250. The executrix admits that the services were rendered as alleged, but denies that they are worth the sum claimed.

There was judgment for plaintiff for $100, and he has appealed.

Courts are guided by three elements in estimating the value of services rendered by attorneys; their quality, their quantity, and the value of the subject matter concerning which the services were rendered, or the ability of the party to pay. As far back as the 5 N. S., 404 (1828) Judge Martin said that:

"The Judge ad quem cannot take the opinion of the one a quo for his rule of decision."
See **51 A., 590 (604, 606).**

From our knowledge of fees allowed curators and attorneys for absent heirs and from the decisions of the Supreme Court we are of the opinion that a fee of $250 is just and reasonable for the services rendered by the curator ad hoc in this case considering the nature and extent of the services rendered by him and the value of the interests he represented.

**12 R., 413; 30 A., 338; 45 A., 248; 31 A., 130; 47 A., 1125.**

It is therefore ordered that the judgment herein be amended by increasing the amount allowed the curator ad hoc, W. H. Byrnes, Jr., to the sum of $250 as claimed by him with costs in both Courts.

Judgment amended and affirmed.

Opinion and decree, January 18th, 1915.