BOUTALL, Judge.
Anthony J. Livaccari, Jr. and Ronald L. Livaccari, alleging they are owners of certain real property by virtue of a judgment of possession in the succession of their mother and father, sought a writ of mandamus against Francis J. Demarest, Recorder of Mortgages for the Parish of Orleans, seeking to cancel from the mortgage records an inscription under Mortgage Office Book 2278, Folio 577, a lien and privilege for attorney’s fees asserted by Matthew J. Hill, Jr., attorney at law, bearing against the real property. The attorney intervened. The trial court refused the cancellation and dismissed plaintiff’s petition for mandamus. Plaintiffs have applied to this court for supervisory writs. We granted a writ of certiorari based on allegations of the urgency of immediate hearing.
The respondent, Hill, has filed a motion to dismiss, contending that the urgency no longer exists because the real property which was encumbered by the prescription has been sold. While that has removed a considerable portion of the urgency, never *793 theless we are still faced with the effect of the inscription upon the property in the hands of the third parties or upon the proceeds of the sale. Since the matter is now before us on the writ of certiorari, the justice of the situation requires our consideration.
A secondary basis of the motion to dismiss is an allegation that the plaintiffs herein are not the true owners, that because of alleged errors in the succession proceedings, the judgment of possession is illegal. Frankly, we do not understand the respondent’s position at this late stage of the proceedings. Admittedly, the attorney was hired by these plaintiffs and whatever claim he has against the succession or the property can only come through their employment. We find no basis for entertaining the motion to dismiss and we deny it.
In considering the merits of the proceedings before us, we first point out that we are only concerned with the right of the attorney to record his privilege in the mortgage records bearing against immovable property. We do not consider the value of the work done by the attorney, or whether he does have a privilege against the movable property of the succession. There is another suit in existence filed by the attorney against these parties and others for his fees. As we stated in the case of 1 — 10, Inc. v. Justice, La.App., 260 So.2d 89 (1972) at page 91:
“The merits of this case which surrounds the issues presented are not before this court. We are only concerned as to whether or not defendant has a color of right to assert a lien and privilege on plaintiff’s property.”
The question thus presented is whether an attorney, who has been employed and who has done work prior to the filing of the succession proceedings, may inscribe his claim of privilege in the mortgage records as a lien against immovable property of the succession. The only provisions of law under which a privilege is granted against immovables of a succession are the “judicial charges” found in Civil Code Article 3252. The privilege set out in Revised Statutes 9:5001 is not relative to this case but applies only to cases in which judgments are obtained. The privilege that arises under Article 3191 of the Civil Code is not relevant because that privilege is granted for “law charges” only on the movable property of a succession. Hence it cannot be recorded in the Mortgage Records encumbering immovable property. Accordingly, this inscription must stand or fall on the basis that it is a judicial charge under Article 3252 which would encompass “lawyers’ fees for settling the succession” stated in C.C. Article 3276.
We note some confusion created in the jurisprudence as to the extent to which attorney’s fees are privileged against a succession. C.C. Article 3191 speaks of “law charges”, Article 3252 speaks of “judicial charges” and Article 3276 speaks of privileged charges as being “law charges, lawyer’s fees for settling the succession,”. Law charges are defined in C.C. Article 3195:
“Law charges are such as are occasioned by the prosecution of a suit before the courts. But this name applies more particularly to the costs, which the party cast has to pay to the party gaining the cause. It is in favor of these only that the laws [law] grants the privilege.”
There is no definition of judicial charges, but it could be said that the enumeration in Article 3276 would indicate that judicial charges are law charges with the addition of lawyer’s fees for settling the succession. We refer to the case of Succession of Ford, La.App., 91 So.2d 71 (1957), which would seem to treat law charges or judicial charges to be the same thing, including attorney’s fees and recognizing a privilege for them under Articles 3191, 3252 and 3254. A privilege for attorney’s fees has also been recognized in several old cases such as Succession of Wells, 24 La.Ann. 162 (1872); Succession of Negueloua, 52 La. Ann. 1495, 27 So. 962 (1900) and Succession of Thompson, 12 Orl.App. 24 (1914).
We thus conclude that attorney’s fees are included within the privileged debts encompassed by the judicial charges *794 of Article 3252, but we believe that the privilege extends only to such charges as occur judicially, that is, by prosecution of the suit judicially. We note that the definition of law charges in Article 3195 states that they are “such as are occasioned by the prosecution before the courts.” This interpretation is also consistent with Article 3276 granting the privilege for law charges and lawyer’s fees for settling the succession, considering the settling of a succession to be the same as the filing and prosecution of the succession proceedings. At the same time, we note that the charges in the Succession of Ford were all for the prosecution of the prior interdiction suit therein and the succession itself.
We conclude that the respondent attorney has not done work encompassed within the judicial charges specified in Article 3252, that is, file the succession proceeding or take part in any steps after its filing as succession attorney. Whatever he did was done before the succession proceedings were opened, and his fees are not privileged upon the immovable property of the succession and cannot support the inscription of a lien against the immovable property in the mortgage records.
Accordingly, the judgment of the trial court is reversed and judgment is herein rendered ordering the Writ of Mandamus to be made peremptory, directing and ordering the Honorable Francis J. Demarest, Recorder of Mortgages for the Parish of Orleans, to cancel and erase from the Mortgage Records of his office the inscription of the lien and privilege of Matthew J. Hill, Jr. in Mortgage Office Book 2278, Folio 577, dated June 14, 1977. All costs are assessed against intervenor, Matthew J. Hill, Jr.

REVERSED AND RENDERED.