KLEES, Judge.
This appeal is taken from a default judgment awarding appellee Vickie K. Garlick the sum of $3,881.00 plus interest and attorney’s fees against the Succession of Emilio C. Garcia, the appellant. We affirm.
Emilio Garcia was a naval architect and engineer who operated his business in the form of a closely held corporation, Breit & Garcia, Inc. [hereinafter “B & G”], of which he was the sole shareholder. He died on May 30, 1990, and his first wife, Alma Garcia, was named testamentary executrix of his estate. Alma Garcia was also elected president of B & G and appointed as its registered agent for service of process with a Louisiana resident nomi *37 nee also appointed, as Alma was domiciled in Florida.
On July 20, 1990, Alma Garcia hired Vickie Garlick to perform certain accounting services for the estate, namely the preparation of a financial statement and tax returns in order to determine the net worth of B & G, now wholly owned by the Emilio Garcia estate. Garlick submitted invoices for her services which were never paid. Garlick was eventually discharged.
On June 7, 1991, Garlick brought suit in civil district court against the succession and B & G for the amount of the unpaid invoices plus interest and attorney’s fees. The succession was properly served through its co-administrators, Lisa Matthews and Joe L. Horne, who had been appointed by the court because of a dispute between Alma Garcia and other potential heirs. B & G apparently was never served. The co-administrators never answered the petition or filed any other pleadings on behalf of the succession.
On July 2, 1991, plaintiff obtained a preliminary default against the succession which was confirmed on July 9, 1991. Defendant now appeals, arguing that the default judgment is invalid because: (1) Plaintiff failed to serve B & G which is an indispensable party to the litigation; (2) Plaintiff failed to make a prima facie case for default; (3) Plaintiff failed to inform the court of the related, ongoing succession proceedings so that this lawsuit could be transferred and consolidated with the succession. After review, we reject defendant’s arguments and decline to overturn the default judgment, which we find to be valid.
Defendant’s primary argument is that B & G is an indispensable party to plaintiff’s suit. Article 641 of the Louisiana Code of Civil Procedure defines indispensable parties as follows:
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.
Citing Blanchard v. Naquin, 428 So.2d 926 (La.App. 1st Cir.1983), writ denied, 433 So.2d 162 (La.1983), plaintiff argues that the failure to join an indispensable party is a peremptory exception under La.C.C.P. art. 927 which can be raised for the first time in the court of appeal. Defendant’s only support for its contention that B & G is an indispensable party is the fact that B & G remained a separate corporate entity from the estate and the suggestion that “the liabilities between the named defendants can hardly be sorted out without B & G ... before the trial court.”
This argument has no merit. Parties should be deemed indispensable only when that absolutely necessary to protect substantial rights, and only after the facts clearly establish that no complete and equitable adjudication of the controversy can be made in the party’s absence. Franklin Printing Co., Inc. v. Dorion, 532 So.2d 885 (La.App. 5th Cir.1988); Raftery Elevator Corp. v. Maloney, 447 So.2d 634 (La.App. 4th Cir.1984). A party is not indispensable merely because its presence would aid in the adjudication of the controversy. In Murray, Murray, Ellis, Braden & Landry v. Minge, 516 So.2d 213 (La.App. 4th Cir.1987), writ denied, 516 So.2d 369 (La.1988), we held that a client, who had discharged the plaintiff law firm without cause prior to the settlement of the client’s personal injury action, was not an indispensable party to an action by the law firm for apportionment of fees against the attorney who ultimately obtained the settlement. In that case, we said: “While it is certain that [the client’s] testimony would be valuable in regard to how much [the law firm] is entitled to we do not think that the trial court could not completely and equitably adjudicate the claim ... if [the client] is not joined as a party.” Id. at 216.
In the instant case, B & G is not an indispensable party. B & G is wholly owned by the succession. There are no substantial rights of B & G that will not be *38 adequately protected by having the succession as the sole defendant in plaintiffs suit on open account. Moreover, the fact that B & G was not served is no excuse for the succession’s failure to answer the lawsuit.
The second argument of defendant is that plaintiff failed to make out a prima facie case for default, as required by L.C.C.P. art. 1702, because the evidence showed most of the services rendered by plaintiff were for the benefit of B & G, rather than for the succession. The record fails to support this contention. The fact that many of the invoices were addressed to B & G is of no consequence. Plaintiff’s letter to Alma Garcia, dated July 20, 1990, and filed into the record, reads in pertinent part:
This letter confirms the arrangements I have made in order to provide accounting, computer and tax service for the Estate of Emilio C. Garcia, Sr.
The services I will provide are accounting and preparation of Financial Statement for year ending 12-31-89 for Breit & Garcia, Inc., including ... Corporate Tax Returns — Federal and State for year ending 12-31-89.
Clearly, the accounting and financial work relating to the corporation B & G was performed for the estate, which became sole owner of B & G when Mr. Garcia died. Therefore we find plaintiff’s proof was sufficient to make out a prima facie case.
Finally, defendant argues that plaintiff violated Civil District Court Rule 8, Section 9, which states that it is the policy of the court to transfer subsequent and related cases to the Division to which the original case was allotted. Defendant's argument is that it was plaintiff’s responsibility to notify the court of the pending succession proceeding so that plaintiff’s suit on open account could be transferred and consolidated with the succession of Mr. Garcia. This argument lacks merits. Nothing in the law or the court rules requires a plaintiff to notify the court of a related lawsuit. In the instant case, defendant could have remedied this problem by answering the suit and requesting transfer of the action and consolidation with the succession in its answer. Plaintiff’s failure to notify the court of the ongoing succession proceeding does not in any way invalidate the default judgment.
Accordingly, for the reasons stated, we affirm the judgment of the district court confirming plaintiff’s default judgment against the Succession of Emilio C. Garcia. All costs are to be borne by appellant.
AFFIRMED.