WALTZER, Judge.
The issues to be resolved in this appeal are 1) whether the appellant’s claim for services rendered to the succession is considered a law charge which would ensure its status as a special privilege against the succession; and 2) if it is a law charge and considered within the same category as attorney’s fees for services of the succession, whether it should be paid first because it was first in time.
BACKGROUND FACTS
Vicki K. Garliek, appellant herein, was hired on July 10, 1990 by the former executrix of the Succession of Emilio C. Garcia, Sr. to perform accounting and tax preparation work for the succession. Breit & Garcia, Inc. was the closely-held corporation the stock of which constituted a major asset of the succession. Garliek’s work included preparing the corporation’s tax returns. All of appellant’s services were rendered after Garcia’s death and were clearly for the benefit of the succession. At the conclusion of her work, she presented her invoice for professional services in the amount of $3,881.00.
Subsequently, the original executrix was removed by court order. The trial judge appointed Lisa C. Matthews and Joe L. Horne, appellees herein, to serve as co-executors and attorneys for the succession in December, 1990. At the time of their appointment, the co-executors agreed to serve as attorneys for the succession and be paid as such, waiving all compensation in respect to their tasks as executors. Appellees did *154 not pay Gar lick’s invoice when presented, and on July 9, 1991, Garlick obtained and recorded a judgment for the value of accounting services rendered to benefit the succession in the principal amount of $3,881.00, plus interest and attorneys’ fees. This judgment was upheld on appeal, 606 So.2d 36, and the reasonableness of the accountant’s fee is not at issue.
On November 25, 1992, the co-executors filed a Second Partial Tableau of Distribution in the succession, listing Garlick’s claim for the principal amount of her judgment in the category of “Wages of clerks and secretaries.” Garlick opposed homologation of the tableau, contending that her judgment constitutes a law charge, thus ranking equally with appellees’ claim for their attorneys fees. Following a hearing on the matter, the court rendered judgment on January 25, 1993 dismissing the opposition holding that Garlick’s claim was properly categorized in the Second Tableau.
The Tableau lists funds on hand of $40,-425.32; court costs of $362.08; reserve for future court costs of $1,000.00; payment on account for attorneys’ fees of $39,063.24; Garliek’s privileged claim, categorized as wages of clerks and secretaries of $3,881.00; and ordinary debts totalling $532,366.47. The Tableau carries forward appellees’ claim for additional unpaid attorneys’ fees of $11,-114.42.
Garlick appealed that judgment, assigning as error the trial court’s failure to classify her claim as a privileged law charge.
THE LAW
A privilege is a right, which the nature of a debt gives to a creditor, and which entitles him to be preferred before other creditors, even those with mortgages. L.S.A.C.C. art. 3186 (emphasis added). In determining the privileged status, vel non, of Garlick’s claim, and its rank with respect to the other debts set forth in the Second Tableau, we note:
“Although the notion of privilege was simple in Roman law, it has become uncertain and confused in modern law; they have brought together under this name things quite different, to such an extent that it is today impossible to give to privilege a self-contained and unified theory; it is necessary to proceed by the way of analysis, and to choose from the confused mass.” 2 Planiol, Civil Law Treatise, No. 2545.
In making this analysis, we proceed on the basis that the codal privileges are stricti juris, and can be claimed only for those debts to which a privilege is expressly granted in the Civil Code. L.S.A.C.C. art. 3185.
The general privileges on movable property are defined and ranked by Article 3191 of the Code:
“The debts which are privileged on all the movables in general, are those hereafter enumerated, and are paid in the following order:
“1. Funeral charges.
“2. Law charges.
[[Image here]]
“6. The salaries of clerks, secretaries, and other persons of that kind.”
Appellees contend that Garlick’s claim is properly categorized as a “salary of clerks, secretaries, and other persons of that kind.” Appellant contends her claim is in the nature of a law charge. We find it to be neither. Ms. Garlick was not a salaried employee of the decedent or of his closely-held corporation. She was engaged to render professional services after Garcia’s death for the benefit of the succession. Since Ms. Garlick’s judgment is not for “back pay”, or for a salary for a period of employment, but rather for a professional fee, we find the trial court’s judgment granting homologation of the Second Tableau of Distribution as respects this debt is clearly wrong Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Rosell v. ESCO., 549 So.2d 840 (La.1989).
Neither is the claim a law charge. Article 3195 of the Louisiana Civil Code defines law charges:
“Law charges are such as are occasioned by the prosecution of a suit before the courts. But this' name applies more particularly to the costs, which the party east has to pay to the party gaining the cause. It is in favor of these only that the laws *155 [law] grants the privilege.” L.S.A.C.C. art. 3195 (emphasis added).
This definition is particularized in the following Code article:
“The creditor enjoys this privilege, not with regard to all the expenses which he is obliged to incur in obtaining judgment against his debtor, but with regard only to such as are taxed according to law, and such as arise from the execution of the judgment.” L.S.A.C.C. art. 3196.
The codal grant of this privilege is founded on a direct relationship to a litigated court action.
“When the expenses were made to liquidate (transform into money) the property of the debtor, these expenses should be levied on the sums thus obtained; the law declares them privileged.
These expenses are not always judicially incurred; they include also a certain number of extrajudicial expenses, such as expenses' of seals and inventory.
On the other hand, there are privileged in this title not only the expenses incurred for liquidating the property of the debtor and for distributing the price to his creditors, but also those made to preserve or to recover certain property in the interest of creditors: such are the expenses of the revocatory action ..., those of a revindication exercised against a third person on behalf of the debtor ..., or expenses of a sequestration.” 2 Planiol, Civil Law Treatise, No. 2552.
The French source clearly limits the law charge to the context of a judicial action, such as the real property actions, or a liquidation proceeding, and refers to taxable costs. The fee for accounting services rendered, albeit arguably incurred for the preservation of the succession’s assets, is not such a cost.
Law charges have been similarly defined in the limited Louisiana jurisprudence in which they have been considered. Law charges are the actual costs incurred and taxed in prosecuting or defending suits in court. Succession of Mouse, 107 La. 717, 31 So. 990 (1902). Also considered “law charges” were notarial fees, appraisers’ fees, and court costs incurred in an interdiction proceeding that preceded decedent’s demise. Succession of Ford, 91 So.2d 71 (La.App. 1st Circ.1957). The preparation of accounting records and corporate tax returns of a corporation whose shares are held by the decedent cannot be said to be ancillary to the prosecution or defense of a court suit, and do not have the character of the charges recognized in Moise and Ford.
Neither is Garlick’s claim a special privilege that, pursuant to L.S.A.C.C. art. 3254 would prime appellants’ general privilege on succession movables. A review of the special privileges on movables discloses only one possible basis for such a claim, in the privilege for expenses incurred for the preservation of the thing. L.S.A.C.C. art. 3224. This article requires claimant’s actual possession of the thing preserved, whether by deposit or by loan or otherwise. Garlick did not possess the corporate assets, she merely prepared accounting information that was proper for their preservation.
The Code defines those privileges which extend to both movables and immovables in Article 3252:
“The privileges which extend alike to movables and immovables are the following:
1. Funeral charges.
2. Judicial charges.
3. Expenses of the last illness.
4. The wages of servants.
5. The salaries of secretaries, clerks and other agents of that kind-” L.S.A.C.C. art. 3252.
The statute does not define “judicial charges” but the concept has been jurispru-dentially limited to the “law charge” definition, that is, such charges as occur judicially, by prosecution of a suit. In Livaccari v. Demarest, 352 So.2d 792 (La.App. 4th Cir.1977), the court held that attorney fees are included within the privileged debts encompassed by the “judicial charges” of Art. 3252 but only if the suit is prosecuted judicially. This interpretation is consistent with Art. 3195 which states that “law charges are such as are occasioned by the prosecution before the courts” and also with Art. 3276 which *156 grants a privilege for “law charges” and “lawyer’s fees for settling the succession”.
Garlick’s claim is properly characterized as a “claim against the succession originating after the death of the person whose succession is under administration.” L.S.A.C.C. art. 3276. As such, it is to be paid before the debts contracted by the deceased person. Id.
L.S.A.C.C. art. 3276 provides:
“The charges against a succession, such as funeral charge, law charges, lawyer fees for settling the succession, ... and all claims against the succession originating after the death of the person whose succession is under administration, are to be paid before the debts contracted by the deceased person, except as otherwise provided for herein,.... ”
The language of this section does not indicate that the list is complete nor that the charges are listed in any particular priority rank order although the order is the same as in the other privilege statutes discussed previously.
The fact that appellant reduced her claim to judgment does not affect its rank. The succession’s debts of administration, such as appellant’s accounting fees as well as the general and special privileges on movables, are privileged and outrank the ordinary debts of the succession, even those reduced to judgment, recorded and having the effect of judicial mortgages. Malloy v. Smith, 129 So.2d 298 (La.App. 4th Cir.1961) They will not be paid, however, in preference to the enumerated general privileges of L.S.A.C.C. art. 3254, which restates the rankings set out in L.S.A.C.C. art. 3191. In Malloy, a creditor claimed a judgment obtained against a succession gave him a privilege on the succession assets in preference and priority to the succession debts, such as law charges, burial costs, and expenses of the decedent’s last illness. The court disagreed and found that even though the judgment may have given the plaintiff a privilege over ordinary creditors, the judgment could not give plaintiff a privilege outranking the succession debts listed in Art. 3276. The mere fact that appellant pursued her claim to judgment does not affect its priority ranking. The nature of the debt underlying the privilege is determinative. L.S.A.C.C. art. 3186; Planiol, Civil Law Treatise, No. 2546.
CONCLUSION
We conclude, for the reasons set forth hereinabove, that appellant’s judgment recognizing her right to payment for professional services rendered is privileged as respects the ordinary debts of the decedent, but is neither a law charge, judicial charge, nor a salary of clerks, secretaries and other persons of that kind. Accordingly, the trial court was correct in finding that the claim of Vickie K. Garliek did not prime the claim for attorney’s fees and in dismissing appellant’s opposition to the second partial tableau of distribution.

AFFIRMED.