BREAUX, C. J., concurs. MONROE, J., dissents. SOMMERVILLE, J., takes no part herein.

========

(55 South. 760.)

No. 18,852.

BAUMAN v. ARMBRUSTER.

In re BAUMAN.

(June 15, 1911. Rehearing Denied June 29, 1911.)

*(Syllabus by the Court.)*

EXECUTORS AND ADMINISTRATORS (§ 264*)— FUNERAL CHARGES — PRIORITIES — SECURED CLAIMS.

Under Civ. Code, art. 3269, funeral charges are privileged on the proceeds of immovables when the movables are insufficient to satisfy the debt. Where the movables were sufficient, but the creditor for funeral expenses has lost his recourse against the same by his remissness in instituting proper legal proceedings, he cannot recoup the loss out of the proceeds of immovables specially mortgaged to another creditor of the decedent.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1002–1011; Dec. Dig. § 264.*]

Suit by Carl S. Bauman against the succession of Grace Eggleston and F. W. Armbruster. Proceeds of sale deposited in the registry of the court, and from the judgment in concurso Bauman appealed to the Court of Appeal, and on the judgment of that court he applies for certiorari or writ of review. Judgments reversed.

Geo. Montgomery, for applicant. E. M. Stafford and H. W. Robinson, for appellees J. G. Roche & Sons. Dinkelspiel, Hart & Davey, for civil sheriff.

LAND, J. J. G. Roche & Sons, undertakers, obtained judgment in solido against the succession of Grace Eggleston and F. W. Armbruster, her universal legatee, who had been sent into possession under an ex parte order of the court, for the sum of $326, with recognition of privilege for funeral expenses on all the property of the succession.

While said suit was pending, C. S. Bauman sued out executory process against all the real estate of the succession under a special mortgage executed by the decedent about a year prior to her death. The property was sold at sheriff's sale for $4,400, leaving a balance of some $1,100 due the mortgage creditor.

The sheriff, finding on the records the registry of several privileges against the property, among them the notice of suit and judgment of Roche & Sons, deposited the proceeds of the sale in the registry of the court, and cited the mortgage and privileged creditors to assert their respective claims against the fund. In the ensuing concursus, judgment was rendered in favor of Roche & Sons for $200. On appeal, the Court of Appeal increased said amount to $326, with legal interest thereon from judicial demand. The case is before us on a writ of review.

Mrs. Eggleston died February 9, 1909, and her will was probated one week later, and F. W. Armbruster was confirmed and qualified as executor. The inventory showed real

estate appraised at $6,000 and movables at $2,499.60, including three rings, valued at $405, which were claimed by the universal legatee.

On February 26, 1909, the universal legatee, by a decree of the court, was sent into possession of all the property of the estate, after payment of the inheritance tax due thereon.

On March 9, 1909, Roche & Sons sued Armbruster and the succession to recover $640 for funeral expenses. This litigation continued until June, 1910, with the result above stated.

In May, 1910, Carl S. Bauman sued out executory process on the mortgage note held by him, and in due course the property was sold as above stated.

It appears that, on the day of the death of Mrs. Eggleston, the public administrator filed an application for the administration of her estate, and Roche & Sons took charge of the body of the deceased and rendered the usual funeral services. Roche & Sons took no steps to secure the payment of their claim until several weeks after Armbruster had been discharged as executor and sent into possession as universal legatee. Armbruster subsequently disposed of all the movables of the succession, on which Roche & Sons had a privilege for funeral expenses. Roche & Sons, now seek payment by preference out of the proceeds of the real estate specially mortgaged to Carl S. Bauman.

Funeral charges rank *first* among the general privileges on movables. Civ. Code, art. 3252. If the movables are insufficient, such charges ought to be paid out of the product of the immovables belonging to the debtor in preference to all other privileged and mortgage creditors. Civ. Code, art. 3289. Funeral charges and other claims originating after the death of the de cujus are not required to be recorded. Civ. Code, art. 3276. Article 186 of the Constitution of 1898, in declaring that no mortgage or privilege on immovable property shall affect third persons unless

duly recorded, simply repeats the provisions of the Civil Code, and adds to the list of exceptions contained in article 3276 privileges for "expenses of last illness" and privileges "for taxes." In other words, article 186 of the Constitution places such privileges on the same plane as claims originating *after the death* of the de cujus, which the Civil Code has never required to be recorded, "since registry is without effect, after decease." Succession of Elliot, 31 La. Ann. 37.

The ex parte order sending the universal legatee into possession did not deprive Roche & Sons of their right as creditors to demand security or exact an administration of the succession, during three months from the date of such order. In other words, the succession was not closed by the ex parte order. Succession of Hart, 52 La. Ann. 364, 27 South. 69.

Roche & Sons, however, did not demand security of the executor or universal legatee, but limited their demands to a judgment against the succession and the universal legatee on his assumption of the debts thereof, with recognition of privilege on all the movables and immovables of the estate. Roche & Sons could have compelled the executor to give security. Civ. Code, art. 1677. They could also have required the universal legatee to give security. Civ. Code, art. 1012. They could also have sequestered the property, or enjoined the legatee from disposing of the same.

It is admitted that Roche & Sons were present in the parish of Orleans at the time of the sale of the movables belonging to the succession at public auction at the instance of the universal legatee, and made no objection thereto.

When the succession was opened, the movables were more than sufficient to pay Roche & Sons and all other creditors having a general privilege thereon. Under Civ. Code, art. 3269, Roche & Sons were bound to exhaust the movables before seeking payment out of

the product of the immovables. The alleged insufficiency of the movables to pay the claim of Roche & Sons resulted from their failure to take the proper legal steps to enforce their privilege against the property. They had the legal right to demand an administration and security, or security of the universal legatee. They did neither, but sued the universal legatee on his assumpsit of the debts of the succession.

Roche & Sons, through their neglect having lost their recourse on a fund specially appropriated by law to the payment of their claim, and which was more than sufficient for such purpose, cannot be permitted to recoup their loss at the expense of the creditor holding a special mortgage on the immovables of the succession. Our learned Brothers of the Court of Appeal erred in holding that no duty rested on Roche & Sons to discuss and exhaust the movables of the succession. Their claim of privilege on the immovables is predicated on the *insufficiency* of the movables to satisfy their debt. Hence Roche & Sons bear the burden of showing that they could not have obtained payment out of the movables of the succession. This they have failed to do. In the analogous case of a creditor called upon to discuss the property of the principal debtor, the former is responsible to the surety for the insolvency of the debtor to the amount of the property pointed out, provided it has occurred through remissness in commencing proceedings. Civ. Code, art. 3048.

In the case at bar the law pointed out the movables of the succession for discussion by Roche & Sons, before calling on the special mortgage creditor for contribution, and, if they have lost their recourse on said property by their remissness in commencing proceedings, they must bear the loss.

It is therefore ordered that the judgments of the Court of Appeal and of the district court be reversed, and it is now ordered that the fund in dispute be paid to Carl S. Bau-man, and that Roche & Sons pay costs in all courts.

SOMMERVILLE, J., takes no part herein.