No. 445

First Circuit

———

## SUCCESSION OF RICHARD HARDY ET AL.
## (OPPOSITION OF INTERSTATE TRUST & BANKING CO.)

———

(May 7, 1929. Opinion and Decree.)
(June 10, 1929. Rehearing Refused.)
(July 8, 1929. Writ of Certiorari and Review Denied by Supreme Court.)

———

Nugier and Gordy, of Abbeville, attorneys for administrator, appellee.

Broussard and Samson, of Abbeville, attorneys for opponent, appellant.

ELLIOTT, J. Interstate Trust and Banking Company, holder of a note for $1000 executed by Richard Hardy and secured by a conventional mortgage on real estate owned by him in part as survivor of the legal community of acquets and gains which had existed between him and his first wife, Victoria Hardy, opposes the preference claimed by the administrator on his final account in the succession of Richard and Victoria Hardy for the payment of the funeral charges on account of the death of Richard Hardy, out of the proceeds of the mortgaged immovables, over the said debt due opponent.

The opposition is based on the fact that as the law makes the $1000 due a widow left in necessitous circumstances payable out of the immovables of her deceased husband's estate, by preference over charges on account of his funeral, and the law, Civil Code, art. 3252 (amended Act 242 of 1918), having made a debt due by a decedent, secured by a conventional mortgage payable out of the proceeds of the mortgaged immovable, by preference over the debt due the necessitous widow, the claim is that it follows as a necessary consequence that the debt due opponent, secured by conventional mortgage on the immovables herein sold, must be payable also out of the proceeds of the same, by preference over the debt due on account of the funeral charges of the said decedent.

The petition for the appointment of an administrator for the estate of Richard and Victoria Hardy alleges that the death of Victoria Hardy, nee Huntsberry, took place many years before that of Richard Hardy. That there was left at the death of Richard Hardy two small tracts of land with the improvements thereon, which belonged to the legal community of acquets and gains that had existed between them.

It is shown that Richard Hardy granted a conventional mortgage on these two tracts of land for $1000 in order to secure the payment of the note now held by Interstate Trust and Banking Company. These two tracts of land, sold at a sale made in the succession of Richard and Victoria Hardy for the purpose of paying succession debts, brought $790. With the proceeds of the same the administrator filed a final account providing for the reimbursement as privileged debts of $44.56 in redeeming the property from tax sale; paying a subrogee $73.20 expended in paying taxes on same; paying $65.95 rent, bearing a privilege on the house; law charges, $304.70; funeral charges, $301.60. These privileged debts, amounting to $790, leave nothing for the creditors having a mortgage. The final account and mortgage certificate show eleven judicial mortgages recorded prior to said conventional mortgage, the interest, attorney's fees and cost

of court thereon not counted, amounting in the aggregate to nearly $2000. The total mortgage indebtedness, counting the conventional mortgage and the two judgments recorded subsequent thereto, exceed in amount $3000.

It is shown that Richard and Victoria Hardy left no property, movables nor immovables, except the two small tracts of land sold as above stated, and that their succession is insolvent to the extent, that there was left nothing, except the two small tracts of land covered by said conventional mortgage.

In such a situation the cases Bauman vs. Armbruster, 129 La. 191, 55 So. 760, and Succession of Finegan, 135 La. 473, 65 So. 614, have no application. There was no opposition to the account, except that of Interstate Trust and Banking Company.

Opponent relies on the Civil Code, art. 3252 (amended Act 242 of 1918). This article now reads as follows:

"The privileges which extend alike to movables and immovables are the following:

"1. Funeral charges.
"2. Judicial charges.
"3. Expense of last illness.
"4. Wages of servants.
"5. Salaries of secretaries, clerks *and other* agents of that kind.

"Whenever the widow or minor children of a deceased person shall be left in necessitous circumstances and not possessed in their own right property to the extent of $1000.00, the widow or the legal representatives of the children shall be entitled to demand and receive from the succession of the deceased husband or father, a sum, which added to the amount of property owned by them, or either of them in their own right, will make up the sum of $1000, and which amount shall be paid in preference to all other debts except those secured by the vendor's privilege on both movables and immovables, conventional mortgages and expenses incurred in selling the property" * * *.

This article had been amended by Act 17 of 1917. The previous amendment, continuing after the word "property", which concludes the above quotation, went on to say:

"* * * provided that any such conventional mortgage or mortgages shall represent money actually loaned, for not less than one year on the property described therein, at not exceeding six per cent per annum for interest, discount and charges."

The provision quoted from, Act 17, Extra Session of 1917, had the appearance of a "special or exclusive right," forbidden by Article 48 of the Constitution of 1913, and the Act 242 of 1918 was for the purpose of getting that provision out of the law.

Opponent. citing the Succession of Campbell, 115 La. 1035, 40 So. 449, contends that as the privilege of the widow left in necessitous circumstances was higher in rank before the amendment, than that accorded to funeral charges, that now the debt secured by a conventional mortgage being, by the amendment, made payable out of the proceeds of the mortgaged property, by preference over the claim of a necessitous widow, it follows that the amount due opponent must in reason be payable out of the proceeds of the mortgaged property by preference over charges arising as a result of the funeral of said Hardy.

The decision in Succession of Campbell carries out the terms of the concluding part of Article 3254, which provides that:

"The $1000.00 secured by law to the widow or minor children as set forth in Article 3252, shall be paid in preference to all other debts, except those for the vendor's privileges and expenses incurred in selling the property."

Article 3252 (amended Act 242 of 1918) directs that the debt secured by a conventional mortgage shall be paid in preference to the necessitous widow, but not in preference to all other debts. The preference is over the necessitous widow only. There is no provision giving preference to conventional mortgages over funeral charges in the matter of payment.

The law provides, Civil Code, art. 3252 (amended Act 242 of 1918) 3253, 3254, 3266 and 3269, that the funeral charges of the decedent are to be paid by preference over all other debts, out of the immovables left by him when there are no movables out of which the same can be paid. And the law, establishing the order in which privileges are to be paid, provides in express terms, that funeral charges are to be paid by preference over privileges of inferior rank and debts secured by a mortgage, when the decedent has left no other property, except the mortgaged immovables, out of which the same can be paid. Civil Code, arts. 3186, 3269, 3270, 3276.

The Constitution of 1921, art. 19, section 19, took cognizance of the difference between privileges and mortgages existing under the Civil Code, arts. 3184, 3186, 3278, 3342, and provided that no mortgage or privilege on immovable property should affect third persons unless recorded "except privileges arising upon the death of the owner of the property affected," meaning that a privilege protecting the funeral charges shall exist without registry on the immovable property left by the deceased debtor. This constitutional provision affirms the preference claimed by the administrator for funeral charges over debts secured by conventional mortgages when not on account of the purchase price.

In the present case it is not claimed that the debt secured by the conventional mortgage in question protects the purchase price. If it did, it would have for protection a vendor's privilege.

In the present case there is no widow left in necessitous circumstances, before the court claiming $1000; therefore if the law had contained no provision for the necessitous widow, the legal situation would be as it is in the case before the court. Supposing the provision for the necessitous widow to be not in the law, it is plain that the holder of a debt, secured by a conventional mortgage, not granted as security for the purchase price, would have no right under the law, to have paid to him the amount carried on this account for the purpose of paying the funeral charges arisen as a result of the death of the debtor.

The case was properly decided in the lower court.

Judgment affirmed. Opponent and appellant to pay the cost in both courts.