54 So.2d 856 (1951)
ROCHELLE
v.
RUSS.
No. 7702.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1951.
*857 W. W. McDonald, Shreveport, for appellant.
Irion & Switzer and C. C. Burton, Jr., all of Shreveport, for appellee.
HARDY, Judge.
This is a suit in which plaintiff seeks to recover the sum of $1,340.00 from defendant individually and as the heir of one Acie K. Russ, deceased. The prayer for relief asked recognition of plaintiff's privilege and lien on certain property described in the petition, and further asked for a separation of patrimony of the property of defendant and the decedent. After an exception of vagueness plaintiff filed a supplemental and amended petition complying with the demands thereof. Defendant interposed an exception of no right of action, which was overruled and which has not been urged before this Court. Defendant's answer generally denied plaintiff's demands, and, by way of reconvention, sought judgment in the sum of $1,020.00 *858 allegedly representing rent of the property involved at $30.00 per month by reason of the fact that the property had been used and occupied by plaintiff.
After trial and the filing of the opinion of the District Judge plaintiff made application for a rehearing, which was granted, and subsequent to such rehearing judgment was rendered in favor of plaintiff and against the defendant in the sum of $1,099.00 recognizing plaintiff's lien and privilege upon the property described to the extent of $499.00 of such sum, rejecting plaintiff's demands for a separation of patrimony, and also rejecting defendant's reconventional claims. From this judgment defendant has appealed. Plaintiff has answered the appeal, praying an increase in the amount of the judgment and a separation of patrimony.
Plaintiff and defendant were once married but had been many years divorced. Acie K. Russ, son of the defendant, Jack Russ, and stepson of the plaintiff, Sally Rochelle, died intestate on September 22, 1947. By an ex parte judgment of date April 21, 1950, the defendant, Jack Russ, was placed in possession of the estate of the decedent as the sole heir.
Some three years prior to his death Acie K. Russ contracted for the purchase of certain property in the City of Shreveport, Caddo Parish, Louisiana, described as follows: Lot Thirty-seven (37) of the Hotchkiss Subdivision of the City of Shreveport, Caddo Parish, Louisiana, together with all buildings and improvements thereon situated as per map recorded in Conveyance Book 50, page 391 of the Records of Caddo Parish, Louisiana. Decedent obligated himself to pay the credit portion of the purchase price in installments of $20.00 per month.
The claims advanced in plaintiff's petition, as subsequently developed, fall into three categories, as follows:
1. The sum of $500.00 claimed to have been paid for the funeral expenses of the decedent, Acie K. Russ.
2. The sum of $240.00 representing 20 monthly payments made by plaintiff prior to the death of Acie K. Russ.
3. The sum of $600.00 representing 30 monthly payments made subsequent to the death of Acie K. Russ.
On trial of the case it was proved without contradiction that plaintiff had paid the cost of the funeral expenses of the decedent in the sum of $499.00. The judgment rendered in the sum of $1,099.00 is made up of the sum of $499.00 for funeral expenses and $600.00 representing the amount paid in monthly installments of $20.00 each, on the purchase price of the property above described, subsequent to the death of Acie K. Russ. The claim of $240.00 for monthly installments made prior to the death of Acie K. Russ was disallowed.
On trial defendant objected to the introduction of parole testimony on the ground that the same was prohibited by the provisions of Act 11 of 1926, LSA-RS 13:3721, 13:3722. The exception was sustained with respect to those installment payments made prior to the death of decedent but was overruled as to the other claims on the ground that the claim for funeral expenses and payments made on the purchase price of the property subsequent to decedent's death represented charges against and indebtedness of the estate, not of the decedent.
There is no question in our minds as to the correctness of the ruling of the District Judge and the judgment rendered. Clearly plaintiff is entitled to reimbursement of the amount paid for funeral expenses, which was proved to be $499.00. This obligation is a charge upon the estate and not a "debt or liability upon the part of a party deceased," as provided in Act 11 of 1926. It is also beyond dispute that this character of debt is highly privileged and is secured by a privilege on the property of the estate. On rehearing it was established by a preponderance of the evidence that the estate did not own any movable property and it follows that plaintiff's privilege attached in the form of a lien upon the real property described. Succession of Lewis, La.App., 12 So.2d 7.
We are equally convinced of the correctness of the ruling of our learned *859 brother of the District Court in sustaining the objection to the admission of parole testimony for the purpose of proving the indebtedness of decedent with respect to the installment payments made on the purchase price of the real property prior to his death and asserted in this suit, which was brought much more than twelve months thereafter. The prohibition to be found in Section 1 of Act 11 of 1926 clearly applies. The facts established on trial showed that some months prior to his death Acie Russ was stricken with tuberculosis and became a patient in the Pines Sanitarium. Apparently he was unable to continue making the installment payments on his home, as a consequence of which the payments were undertaken and made by plaintiff, his stepmother. Conceding the fact that the payments were made by plaintiff, it is nonetheless certain that this fact could be established only by the admission of parole testimony. The receipts produced by plaintiff in support of these payments were made in the name of Acie Russ. Plaintiff produced a letter allegedly written at the dictation of decedent and signed by him, directed to his father, defendant herein, in which he stated that the payments were being made by plaintiff during his sickness. It is urged that this letter is sufficient to establish the indebtedness without the necessity of resorting to parole evidence. We cannot so hold for the reason that careful consideration of the letter does not indicate any intention on the part of decedent to make repayment nor does it acknowledge any debt in favor of plaintiff.
It is seriously contended on behalf of plaintiff, in the alternative, that parole testimony to the extent of establishing this indebtedness is admissible on the ground of quantum meruit or because it inured to the unjust enrichment of the estate of the decedent. We cannot accord any merit to this claim. The language of the act in question is plain and unambiguous and makes no exception with respect to the nature or character of the debt nor the basis upon which it was incurred.
There can be no valid opposition to liability for all payments made by plaintiff subsequent to decedent's death. These payments inured not to the benefit of the deceased individual but to the benefit of his estate and defendant as sole heir thereof. Consequently, having accepted the estate unconditionally, defendant is bound for the repayment of this amount.
The only questions that remain for disposition are plaintiff's claims for separation of patrimony and defendant's reconventional demand.
The District Judge properly found that although plaintiff supported her claim for a separation of patrimony by proper allegations in her petition, there was no evidence in the record showing a necessity therefor, citing Civil Code, Article 1445: "The object of a separation of patrimony is to prevent property, out of which a particular class of creditors have a right to be paid, from being confounded with other property, and by that means made liable to the debts of another class of creditors."
The record does not substantiate an affirmative finding of either of the prescribed requirements, the existence of creditors of the estate or of other property with which the property of the estate could be confounded.
It necessarily follows that plaintiff's claims in this respect were properly rejected.
Defendant's reconventional demand is based, as above noted, on the claim of rent alleged to be due by plaintiff as the result of her occupancy of the property. There is not the slightest evidence in the record which would indicate that defendant at any time ever asked, expected or attempted to secure payment of rent from plaintiff. On the contrary the testimony of defendant himself squarely negates any such conclusion. Under these circumstances certainly there is no basis for the demand.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
KENNON, J., not participating.