85 So.2d 61 (1955)
Willis R. SANDERS, Plaintiff-Appellant,
v.
Lionel SANDERS et al., Defendants-Appellees.
No. 4119.
Court of Appeal of Louisiana, First Circuit.
December 30, 1955.
Rehearing Denied February 3, 1956.
Blanchard & Blanchard, Donaldsonville, for appellant.
Menuet & Triche, Napoleonville, for appellees.
TATE, Judge.
This appeal is from judgment sustaining a co-heir's opposition to a tableau of distribution of the proceeds of a partition by licitation (public sale). The judgment overruled plaintiff's pleas of prescription and estoppel to the opposition, and ordered the Notary Public to list the opponent's claim of $313 for reimbursement of funeral expenses allegedly paid by the latter.
The claim concerns the funeral expenses of Elnora Sanders, mother of *62 both plaintiff and opponent, from whom they inherited the property sold. Lionel Sanders, the opponent co-heir allegedly paid them prior to November 14, 1950. Suit for partition of the property inherited was brought on January 2, 1954, by Willis Sanders, opponent's brother, who had purchased the interest of several other co-heirs. The answer filed by Lionel Sanders on May 12, 1954, was the first formal demand made for reimbursement of the $313 funeral expenses. Lionel Sanders was, of course, subrogated to the privileged claim for funeral expenses by mere payment thereof, without any formal conventional subrogation, Article 2161(4), LSA-Civil Code; Succession of Holston, La. App., 141 So. 793.
Plaintiff pleads that parol testimony to prove this indebtedness is inadmissible under LSA-R.S. 13:3721, 13:3722, prohibiting parol evidence "to prove debt or liability of deceased" if suit is brought more than 12 months after death of the deceased. However, as pointed out in Rochelle v. Russ, La.App., 54 So.2d 856, 858, funeral expenses are not a debt of the deceased, but "a charge upon the estate" of a highly privileged nature, secured by a privilege upon movable and immovable property of the estate; see Articles 3191, 3252, 3254, LSA-Civil Code. It was held in that case that parol testimony was admissible to prove the funeral expenses although the demand was not made until almost three years later.
Plaintiff also pleads that the funeral expense is an open account subject to the three years' prescription of LSA-Civil Code Article 3538. While this might be a valid bar by one who individually contracted the claim as against a funeral home, as pointed out in the Rochelle case insofar as regards the property of the estate, funeral expenses are a privileged charge against same. This privilege upon the property of the estate does not need to be recorded, Article 3276, LSA-Civil Code. So long as the estate is not settled and the heirs hold the property in indivision or under administration, they hold it subject to said charge. "The usual statutes of limitation does not always apply to claims against the estate for matters arising after the death of decedent, as, for instance, for funeral expenses and costs of administration", 21 Am.Jur. 891, Verbo "Executors and Administrators", Section 924. See Succession of Felps, La.App. 1 Cir., 191 So. 738, where it is commented that the District Court had allowed a privileged funeral claim to prime the claim of a conventional mortgagor, although filed for the first time more than 3 years after death, which action was not appealed. We do not have before us a case where a third party was prejudiced by the delay to assert or to record the privilege, so as to estop the privilege-holder. Bauman v. Armbruster, 129 La. 191, 55 So. 760.
Finally, plaintiff-appellant urges that although the plea of prescription was tried on the face of the papers, the District Court rendered judgment ordering listing of the full funeral claim of $313, even though appellant has a defense in that burial insurance paid a great part of this sum. The record reflects that on September 9, 1954, the opposition was filed to the tableau of distribution. By motion on November 15, 1954, this opposition was fixed for trial on Tuesday, November 23. The minute entry indicates that on November 23, 1954: "This case having been fixed for this day was accordingly taken up and tried. On motion of Mr. Blanchard a plea of estoppel and plea of 3 years prescription was filed in open court. After argument the court ordered that briefs be filed in this matter and the same would be taken under advisement." Thus, the record by which this appellate court is bound reflects that the opposition was tried, subsequent to which the plea of prescription was filed.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed.
Affirmed.