91 So.2d 71 (1956)
Succession of Patience Smith FORD.
No. 4306.
Court of Appeal of Louisiana, First Circuit.
November 26, 1956.
Rehearing Denied January 2, 1957.
Writ of Certiorari Denied February 25, 1957.
*72 W. D. Atkins, Ben E. Atkins, Baton Rouge, for appellant.
Cadwallader & Dameron, L. C. Parker, Baton Rouge, for appellee.
LOTTINGER, Judge.
This is an opposition filed by certain heirs of Patience Smith Ford, deceased, to the Tableau of Distribution filed herein by the Administratrix of this Succession. The Lower Court rendered judgment against the opponents, and opponents have appealed.
The facts show that Patience Smith Ford died on February 6, 1953. On April 20, 1949, the deceased was interdicted by judgment of the 19th Judicial District Court, Parish of East Baton Rouge. In the said interdiction proceeding, her daughter, Lorena Ford Lafayette was appointed as curator, and Eli Lafayette, her husband, was appointed as undercurator. The Louisiana National Bank of Baton Rouge was appointed as curator of the property of the interdict.
The facts show that several bills incurred during the interdiction proceeding are still unpaid. These bills, together with certain medical and funeral bills, all of which will be set forth herein, are the subject of this opposition.
The Succession of deceased was opened during the month of October, 1953, and *73 Mrs. Lorena Ford Lafayette, who had been curator for deceased, was appointed and qualified as the Administratrix of her mother's Succession. Said Administratrix filed her Tableau of Distribution on January 23, 1956. On January 30, 1956, opponents filed their opposition.
With certain amendments, which were agreed to upon trial of the matter, the Lower Court rendered judgment in favor of Administratrix and against the opponents. The opponents asked for a rehearing below, which was denied. The opponents have taken this appeal.
The judgment of the Lower Court ordered payment of the following bills:

1. Mary Bird Perkins, notarial fee $ 25.00
2. Cadwallader & Damerson, reimbursement
 of payments made to appraisers 29.00
3. Eli Lafayette, reimbursement for sums
 expended by him as expenses of the last
 illness 46.85
4. Elijah L. Verrette, d/b/a Pointe Coupee
 Funeral Home, balance due on funeral
 bill 104.00
5. Eli Lafayette, amount paid on funeral
 bill 65.00
6. Johnny Wheeler, amount paid on funeral
 bill 27.00
7. Charlie Ford, amount paid on funeral
 bill 40.00
8. Perry M. Johnson, Clerk of Court, court
 costs (so much as may be necessary) 250.00
9. Lorena Ford Lafayette, for commission
 due as administratrix 182.80
10. Wilbur D. Atkins, agent and attorney in
 fact, for taxes and interest necessary to
 redeem succession property 15.67
11. Wilbur D. Atkins, agent and attorney in
 fact, for amount paid on real estate taxes 6.60
12. Department of Finance, Baton Rouge,
 Louisiana for amount due on paying
 lien 357.28
13. Cadwallader & Dameron, attorneys' fees 365.55
14. L. C. Parker, for attorney's fees 300.00
15. Fred A. Blanche, Jr., notarial fee 50.00
16. Bradley C. Mittendorf, appraiser's fee 10.00
17. J. Cannon Smith, appraiser's fee 10.00
18. Walker P. Macmurdo, curator ad hoc 25.00
19. Dr. J. A. Thom, fee for examining interdict 15.00

Of the above bills, items number 1, 2, 8, and 13 had to do with attorney fees and law charges in the Succession proceeding, whereas numbers 14, 15, 16, 17, and 18 had to do with attorney fees and law charges in the interdiction proceeding. Some of the above items were adjusted by agreement in the trial below, however, opponents still maintain their defenses against same.
The opponents contest payment of said bills, claiming first that the one (1) year prescription as set forth in LSA-R.S. 13:3721 is applicable and in the alternative that the prescription of three (3) years would be applicable.
LSA-R.S. 13:3721 provides as follows:
"Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve months after the death of the deceased."
It is the contention of the opponents that inasmuch as the charges incurred in the interdiction proceeding were more than one year old at the time of their opposition, that the Lower Court erred in admitting parol evidence to prove the said bills. We do not agree with this contention of opponents. We feel that the said act was passed by the legislature to protect the heirs from unfounded claims that might be refuted by deceased if he were present to contest them. It is well settled in our laws that the costs of interdiction proceedings are considered as debts of the estate of the interdiction. See LSA-Civil Code, Article 397 and Ruiz v. Pons, 141 La. 110, 74 So. 713. The judgment of interdiction, the entire proceeding of which is filed in the record of this proceeding, provides that all costs of the matter be paid out of the estate of the defendant.
It is our opinion that the debts of the interdiction proceeding were debts which had been incurred for and on behalf of the mentally incompetent person, and that said debts are recognized as law charges, or Judicial charges, which, under our laws, have a higher privilege than a mere personal debt. We do not believe that said debts were intended to be covered by the provisions of LSA-R.S. 13:3721, and hold *74 that said act does not apply to these particular debts.
The same reasoning would apply to the debts of the succession as has been held in Rochelle v. Russ, La.App., 54 So.2d 856 and Sanders v. Sanders, La.App., 85 So.2d 61. All of these charges are sanctioned as law charges and given a privileged status by LSA-Civil Code Articles 3191, 3252 and 3254.
We further feel that the contention by opponents that these bills have prescribed by virtue of three (3) years having elapsed is not well-founded. As stated above, the said charges are privileged, and did not come under the three (3) year prescription Articles of the LSA-Civil Code which are Articles 3538 and 3539. In Sanders v. Sanders, supra, we said that the three (3) year prescription is not applicable to a claim for reimbursement of funeral expenses. We there held that such expenses are a privileged charge against the estate, and so long as the estate is not settled the heirs hold the property subject to such charge. We feel that the same reasoning would apply to the law charges and the expenses of the last illness.
There is no question as to the amount due on any of these debts as the parties stipulated on trial below that the charges as set forth above were reasonable. As a matter of fact, some adjustments were agreed upon by the counsel in the Trial Court. Actually, in so far as the debts in the interdiction proceeding are concerned, the amount thereof had not been judicially determined prior to the stipulation of reasonableness in the Lower Court and the Administratrix contends, with some merit, that said debts do not become due until the reasonableness thereof has been determined by the Court. If such is the case, such debts did not commence to prescribe until the time of the trial below.
The opponents have alleged that the costs of the inventory in this Succession proceeding were not necessary. They contend that whereas an inventory was taken in the interdiction proceeding the same inventory should have been used in this succession proceeding. We certainly do not agree with this. The record shows that the inventory in the interdiction proceeding was taken on May 19, 1949. As the deceased did not die until February 6, 1953, a period of almost four (4) years elapsed in the interval. Under the laws of our jurisprudence an inventory was necessary and proper as we certainly feel that there was some appreciation in value of the property during that four (4) years. The opponents further contend that there was some element of fraud on the part of the Administratrix in trying to "Beat the deceased out of her property and money." They claim that acts of bad or fraudulent administration on the part of the curatrix-administratrix to be grounds of removal from her trust. Such contentions on the part of opponents are entirely void of proof, and were properly dismissed by the Lower Court.
We feel that all of the debts as listed by the Lower Court in its judgment are due and owing by the estate of the decedent. There is no question that the amounts claimed are reasonable. We are unable to find any error in the judgment below and said judgment will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court is affirmed, all costs of this appeal to be paid by opponents.
Judgment affirmed.