SAMUEL, Judge.
The ■ decedent herein died in the City of New Orleans, his domicile, on December 8, 1963. His last will and testament,, together with codicils thereto, was probated on December 13, 1963 at which time his widow was confirmed as testamentary executrix. On April 2, 1965 the executrix filed her first account and tableau of distribution.
Dr. Robert A. Robinson filed an opposition to the tableau in the form of a petition in which he alleged he had performed professional medical services for the decedent from May 18, 1960 to the date of death, all in the amount of $4,640, and that the same had not been paid. The executrix filed a motion and order to show cause why the opposition should not be dismissed. The motion is also referred to in that pleading as exceptions of no right or cause of action. After hearing .the pleadings and argument of counsel, but without hearing the evidence, the trial court maintained the exceptions and dismissed the opposition at the cost of the opponent. The judgment was based on the executrix’s contention, with which the trial judge agreed, that as the opposition was filed more than one year after the death of the decedent and as there were present none of those facts which, under the provisions of LSA-R.S. 13:3721, would permit proof of the debt by parol evidence, that statute prohibits proof of opponent’s claim by parol evidence. Dr. Robinson has appealed therefrom.
As amended by Act 32 of 1960, LSA-R.S. 13:3721 reads as follows:
“Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground' that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.”
Appellant contends that the parol evidence rule of LSA-R.S. 13:3721 does not apply to a claim privileged under LSA-C.C. Arts. 3191 and 3252, and particularly that it has no application to his claim, or that portion thereof under LSA-C.CArts. 3200 and 3201, which is an expense-of the last illness, citing In Re Ford’s. Succession, La.App., 91 So.2d 71. The executrix contends that privilege, under LSA-C.C. Art. 3186 merely a right which entitles the creditor to be paid by preference, is of no importance in a determination of whether or not the parol evidence statute is applicable since the statute is concerned only with the method of proving *55 claims against the succession and not at all with the order of payment of those claims; that the statute, which was passed for the purpose of protecting the heirs from unfounded claims which might be refuted by the deceased if he were present to contest them, covers and includes the debts and liabilities of a deceased person incurred by him during his lifetime, including the expenses of illness and last illness; and that the statute is applicable in the instant case, preventing the use of parol evidence to prove appellant’s claim.
While we feel there may be merit to appellant’s contention, the point argued by both the appellant and the executrix, whether or not parol evidence is admissible to prove the instant claim, is not before us and we do not decide it. That question will be presented only when and if parol evidence is offered by Dr. Robinson to prove his claim. And until such an offer is made neither we nor the trial court know he will attempt to prove the claim, or any part thereof, by parol evidence. Appellant must be given the opportunity of offering his evidence, whatever that evidence may be, during the course of a trial of his opposition on the merits. Disregarding the fact that an opposition to a tableau of distribution is more properly in the nature of an answer (see Succession of Romero, 28 La. Ann. 607), the exceptions of no right or cause of action cannot be sustained in any event since the opposition quite clearly ■does state a right and a cause of action and cannot be dismissed on the possibility •or probability that the opponent will attempt to prove his claim by inadmissible •evidence.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the motion of Mrs. Ruth Herron Barry, executrix, to dismiss Dr. Robert A. Robinson’s opposition to the tableau of distribution be and the same is Thereby dismissed, and the matter is remanded to the district court for trial of that opposition in accordance with law; costs of this appeal to be paid by the executrix, all other costs to await a final disposition.
Reversed and remanded.