CHASEZ, Judge.
The question before us on this appeal is whether or not the following language:
“2 Jan. 1962
TO WHOM IT MAY CONCERN:
It is my wish and desire, that upon my death all my assets, including personal effects and bric-brac, be turned over to my wife, Ruth Herron Barry
* sjí % Sfc * %
constitutes a last will and testament.
On December 13, 1963, the probate of a last will dated July 7, 1960, and three codicils thereto, dated May 8, 1961, July 27, 1961, and January 15, 1962, was obtained by one of the defendants herein, Mrs. Ruth Herron Barry, decedent’s surviving spouse, as testamentary executrix.
On April 14, 1965, Mrs. Barry presented for and obtained the probate of the document dated January 2, 1962, the pertinent part of which is quoted above, as the latest will and testament of the decedent in olo-graphic form, the same being entirely written, dated, and signed by the hand of the testator.
*126 ■ On May 24, 1965 the present suit was brought by decedent’s sister, Lillian M. Barry Walker, and by decedent’s niece, Adele Walker Dominguez, particular legatees under the earlier will and codicils thereto, against Denis A. Barry II and Theone Mae Barry Maher, decedent’s children by his first wife, Elvira Decker, and his surviving widow, Ruth Herron Barry, contending that the document of January 2, 1962 is not a valid will.
Upon a joint stipulation of facts and ■documentary evidence, the Court rendered judgment in favor of plaintiffs and against defendants, “ * * * annulling, cancell-ing and setting aside as if the same had never been written, the purported olo-graphic testament of the decedent, Denis A. Barry, dated June (sic) 2, 1962, and admitted to probate herein on April 14, 1965,” and further recalled its decree of •probate.
It appears from his reasons for judgment that the trial Court was of the opinion that the contested document was not a valid will, was never intended to be such by the writer, that the expressions were merely precatory and not dispositive, and that not being a will it could not have revoked the previous will.
It is the contention of the defendant-appellant that the document of January 2, 1962 is valid in form and in substance, and even if invalid as to substance, being valid as to form it nevertheless operates to revoke a previous inconsistent disposition.
It is the contention of plaintiffs-appellees that the language used in the document of January 2, 1962 is precatory, merely suggestive and thus not binding, that the document fails to reveal testamentary intent in that the last codicil to the prior will was confected some thirteen days after the document of January 2, 1962, that for these reasons the document could not be a tacit revocation of the prior, statutory will, and that, even if it be assumed that the document was a valid will, the provisions are not incompatible with or contrary to the disposition of the previous will, and, as the later will does not expressly revoke any and all former wills, the legacies to testator’s sister and niece in the former will stand.
It is clear, nor is it contended otherwise, that the document was entirely written, dated, and signed by the hand of the alleged testator, thus fulfilling all the requirements of LSA-CC Article 1588 as to the form of olographic testaments.
We cannot accept the suggestion that the use of the words “wish” and “desire” in this case constitute only a precatory request which is unenforceable. It is our understanding that terminology is objectionable as precatory only when that terminology is directed to some third person, (such as a trustee, for example) and it is sought to require that third person to perform in accordance with the precatory language. In such an instance the third person could not be compelled to so perform, as it would not appear from the precatory language that the testator required performance in accordance therewith. It is something else again where a testator “wishes” and “desires” that a certain disposition be made of his estate at his death in the first instance, rather than requiring or suggesting that a person to whom it is disposed take certain action. When used, as used in the instant case, the language is dispositive and does evidence testamentary intent. In Succession of Oroszy v. Burkard, La.App., 158 So.2d 405, the court said:
“We find no merit to defendants’ argument that the words ‘wish’ and ‘hope’ are precatory. While it is true that either or both of those words may be used in such a way as to constitute a part of a precatory suggestion in a will, it is also true that the same words, depending on the way they are used, may be mandatory or dispositive. The word ‘wish,’ in fact, is commonly used in making testamentary dispositions. In Succession of Rougon, supra, for instance, our Supreme Court *127 held that provisions of a will in which the words ‘wish’ and ‘desire’ were used were not mere precatory suggestions, hut that the bequests expressed in those words were couched in ‘language ordinarily and usually dispositive.’
In short, we cannot accept the position that the document in question does not evidence an “animus testandi”, where that document, in clear and unmistakable language, directs the disposition of all of the writer’s property, “upon my death.”
It is true that the document in its entirety evidences an intent to deprive certain forced heirs of their legitime, and it is conceded that to this extent the document, as a will, is invalid as to substance under our law. However, the invalidity of those portions of the document does not affect the validity of the balance of the document.
Having concluded that the document is a valid will, we must now determine its effect on the dispositions of the prior will. The latter document does not by express terms revoke any and all former wills, and it is our law that in such a case the documents are to be read together.
“Posterior testaments, which do not, in in an express manner, revoke the prior ones, annul in the latter only such of the dispositions therein contained as are incompatible with the new ones, or contrary to them, or entirely different.” LSA-CC Article 1693.
We would have great difficulty in accepting the proposition that, in a later, valid last will and testament, a disposition of “* * * all my assets, including personal effect and bric-brac * * * ” meant other than what is stated. It may well be that it was not the testator’s intention to revoke the particular legacies contained in the earlier testament, but this court cannot write his will for him, and the language of the documents testator has left for us to construe does not admit of such a construction.
Nor do we think LSA-CC Article 1719 would serve, in this case, to save the legacies. That article provides:
“A general legacy does not embrace the things included under the genus, which have been bequeathed in particular to-other persons.”
This article appears in the section of the Civil Code which gives us “General Rules-for The Interpretation of Legacies.”
A reading of these articles indicates-clearly that these are rules for the interpretation of clauses and language contained within a single instrument. As the instant case involves two separate and independent documents executed on two different and widely separated dates, the facts do not, in-our opinion, permit the application of that article.
Plaintiff-appellee argues that the last codicil to the first will was written thirteen days after the second will. The codicil' provides that the testator’s surviving spouse be testamentary executrix, and it is our opinion that said instrument has reference-to the latter will, as opposed to the former.
As we are of the opinion that the document of January 2, 1962 is the last will and testament of the decedent, Denis A. Barry,, and as the dispositions therein are incompatible with and thus tacitly revoke the legacies contained in the document and codicils probated December 13, 1963, the judgment of the Court below should be and is-reversed. This judgment is being rendered on the merits of the case and therefore it is unnecessary to discuss appellants argument relating to exceptions and summary judgment.
For the foregoing reasons it is ordered, adjudged and decreed that there be judgment in favor of defendants, Denis A. Barry, II; Theone M. Barry, wife of James Maher, Jr., and Mrs. Ruth Herron Barry, individually and in her capacity as Testamentary executrix of this estate, and against plaintiffs, Mrs. Lillian M. Barry *128 Walker and Mrs. Adele Walker Dominguez, rejecting and dismissing all demands of said plaintiffs.
It is further ordered, adjudged and decreed that the document dated January 2, 1962, admitted to probate on April 14, 1965, and the document dated January 15, 1962, naming Mrs. Ruth Herron Barry testamentary executrix of this estate, be reinstated and given full effect as the last will and testament, and codicil thereto, of the decedent, Denis A. Barry.
Plaintiffs-appellees are to pay all costs of these proceedings.
Reversed and rendered.