BARNETTE, Judge.
Dr. Robert A. Robinson, a physician, has appealed the second time from a judgment dismissing his opposition to the account and tableau of distribution filed by the testamentary executrix of the Succession of Denis A. Barry. The opponent, appellant, is seeking recovery of the sum of $4,640 alleged due him for professional services rendered the deceased from May 18, 1960, to date of his death, December 8, 1963. The executrix’s tableau of distribution filed April 2, 1965, did not include Dr. Robinson’s claim. He filed an opposition on April 13, seeking to have his claim included for payment. The first dismissal of his opposition was appealed, and we reversed and remanded. See Succession of Barry, 185 So.2d 53 (La.App.1966). Pursuant to our order of remand the opposition was again heard by the trial court and was again dismissed. The present appeal is from that second judgment of dismissal.[1]
The first judgment of dismissal of appellant’s opposition was on exceptions of no right and no cause of action which were maintained on the ground that the claim and opposition were filed more than one year after decedent’s death and proof of the claim by parol evidence was prohibited by LSA-R.S. 13:3721. The exceptions were maintained without hearing the evidence, and we held that since Dr. Robinson had not had an opportunity to prove his claim, it could not be assumed that he would attempt to prove it by inadmissible evidence. We did not exclude the possibility that he might have other and admissible evidence in support of his claim. See 185 *662 So.2d at p. 55. It was for this reason that we reversed and remanded. We did not in that opinion pass upon the contention made by appellant on that appeal and reurged on this appeal that his claim is privileged under LSA-C.C. arts. 3191 and 3252 and not subject to the prohibition of LSA-R.S. 13:3721, which is as follows:
“Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
“The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.”
When the opposition was tried pursuant to our order of remand, objection was again made to proof of the claim by parol evidence. After specific questions were asked the opponent calling for parol evidence, the objection was maintained and made general to all such evidence. The opponent was permitted under the authority of LSA-C.C.P. art. 1636 to give his testimony and proffer the evidence for the purpose of appeal.
In connection with his parol testimony Dr. Robinson referred to certain sheets in his own handwriting which were proffered in evidence and appear to be his office memoranda indicating the respective dates of alleged treatment from May 16, 1960, to December 4, 1963.
The substance of appellant’s contention on this appeal (as on the first appeal) may be summed up in the following excerpt from his brief filed in this court:
“ALLEGED ERRORS OF THE LOWER COURT
“The lower Court again erred when it ruled that parol evidence could not be used to prove a privileged debt for medical expenses of last illness, and since the opposition was brought beyond one year from the date of the death of the decedent, Denis A. Barry, said evidence could not be used under LSA-R.S. 13:3721, et seq. This is error for the reason that among the privileged debts against an estate are not only funeral charges, judicial and legal charges but also charges for medical expenses of last illness. Articles 3191 and 3252 of LSA-Civil Code accord a privilege on movables and immovables for such charges of last illness. It is our position that this is error for the reason that LSA-R.S. 13:3721 (The Dead Man’s Statute) applies only to ordinary debts which might be stale and unfounded but cannot apply to a debt which is accorded a privilege under the law and needs no *663 recordation to have such a status under the Constitution of the State of Louisiana. It is the position of the opponent that parol evidence can be used to prove his privileged debt and it lies beyond the Dead Man’s Statute.”
In support of his position, appellant relies upon the . authority of In re Ford’s Succession, 91 So.2d 71 (La.App. 1st Cir. 1956); Sanders v. Sanders, 85 So.2d 61 (La.App. 1st Cir. 1955); and Rochelle v. Russ, 54 So.2d 856 (La.App. 2d Cir. 1951). In the Ford succession, the decedent had been interdicted some four years prior to death and the heirs filed an opposition to the administratrix’s tableau of distribution contending that the charges incurred in the interdiction proceedings were more than one year old and that the court was in error in permitting proof by parol evidence, citing LSA-R.S. 13:3721. The Court of Appeal said:
“ * * * We feel that the said act was passed by the legislature to protect the heirs from unfounded claims that might be refuted by deceased if he were present to contest them. It is well settled in our laws that the costs of interdiction proceedings are considered as debts of the estate of the interdiction. See LSA-Civil Code, Article 397 and Ruiz v. Pons, 141 La. 110, 74 So. 713.
* * * * * *
“It is our opinion that the debts of the interdiction proceeding were debts which had been incurred for and on behalf of the mentally incompetent person, and that said debts are recognized as law charges, or Judicial charges, which, under our laws, have a higher privilege than a mere personal debt. We do not believe that said debts were intended to be covered by the provisions of LSA-R.S. 13:3721, and hold that said act does not apply to these particular debts.
“The same reasoning would apply to the debts of the succession as has been held in Rochelle v. Russ, La.App., 54 So.2d 856 and Sanders v. Sanders, La.App., 85 So.2d 61. All of these charges are sanctioned as law charges and given a privileged status by LSA-Civil Code Articles 3191, 3252 and 3254.”
In the Sanders case the court cited and followed Rochelle v. Russ, supra, and held that funeral expenses are privileged charges against the estate of the decedent rather than against him personally and so long as the estate was not settled parol evidence was admissible to prove the claim.
In Pelican State Associates, Inc. v. Winder, 253 La. 697, 219 So.2d 500 (1969), the Supreme Court, in holding that a charge for expenses of last illness was prescribed by three years under LSA-C.C. art. 3538, discussed the holdings in Sanders v. Sanders, supra, Rochelle v. Russ, supra, and In re Ford’s Succession, supra. We interpret that opinion as implying some reservation by the court of its full approval of the holdings in those cases, but in any event, they cannot be relied on by appellant in this case for the simple reason that his claim is not one for expenses of last illness.
We have examined the memoranda proffered in evidence and find that none of the charges for services allegedly rendered the decedent meet the requirements of LSA-C.C. arts. 3199 and 3200 to come within the privilege of expenses of last illness. Those articles are as follows:
Art. 3199.
“The last sickness is considered to be that of which the debtor died; the expenses of this sickness enjoy the privilege.”
Art. 3200.
“But if the sickness with which the deceased was attacked and of which he died, was a chronic disease, the progress *664 of which was slow and which only occasioned death after a long while, then the privilege shall only commence from the time when the malady became so serious as to prevent the deceased from attending to his business and confined him to his bed or chamber.”
It is apparent that the decedent had a heart condition of long standing and also complications involving the liver and spleen. There is also a notation in the proffered memoranda of rectal hemorrhage and one of oral surgery. Treatments for these alleged conditions run from May 16, 1960, to December 4, 1963, and cover hospital and office visits, house calls and treatments away from home while on trips. The final entry is: “Dec. 8, 1963 Passed suddenly while sitting in back seat of car in yard.” From this review we must conclude that the decedent’s death followed at least three years of chronic illness and there is no proof that “the malady became so serious as to prevent the deceased from attending to his business and confined him to his bed or chamber.” LSA-C.C. art. 3200. The proffered evidence is to the contrary. Even assuming arguendo that the parol evidence proffered should have been admitted, it would fall short of proof (1) that the illness for which Dr. Robinson treated the decedent was the illness of which he died, LSA-C.C. art. 3199; and (2) it fails to meet the test of LSA-C.C. art. 3200.[2]
In Pelican State Associates, Inc. v. Winder, supra, the Supreme Court held that LSA-C.C. arts. 3200 and 3201 and related articles must not be given such a narrow and strict interpretation as to exclude any necessary expense incurred during the last illness. It recognized the vast changes which have taken place in modern times in the treatment of the sick and held that hospital expenses in connection with the last illness are embraced within the privilege. There is no conflict in our conclusion with this rationale.
The foregoing provisions of the Civil Code contemplate that a person who is not prevented because of the seriousness and confining nature of his illness from attending to his own business may be held personally accountable. This intention is reflected again in the next article which refers to sickness which “prevented him from attending to his affairs,” and in any event the privilege can extend no more than one year before the decedent’s death. LSA-C.C. art. 3201. It is only after he has reached the point of inability to attend to his business that the physician and others rendering service in his last illness are given the special privilege against his estate. Humanitarian considerations underlie the granting of this privilege of high rank in favor of those to whom claims are due for services rendered in time .of need.[3] In the event of death the physician and others rendering those services are assured that their charges will not be treated as ordinary debts with less favorable chance of payment. This obvious intent is to make it less likely that one will be deprived of much needed service because of doubtful means of payment.
Plaintiff’s claim is for services extending back more than three years during all of which time the decedent was capable of attending to his business. The expense incurred for medical treatment was a personal debt as distinguished from a charge against decedent’s estate.
In argument before this court there was reference to the close personal friendship *665 between appellant and the decedent, and we can only wonder if perhaps the services might have been intended as a gratuity. The account was permitted to run for approximately five years before taking steps legally for collection. This is the kind of stale claim which LSA-R.S. 13:3721 was intended to cover.
The judgment appealed is affirmed at appellant’s cost.
Affirmed.

. This succession was before us on another appeal on issues unrelated to the claim of Dr. Robinson. See Succession of Barry, 188 So.2d 124 (La.App.1966). Writs granted, 250 La. 435, 196 So.2d 265 (1967).

. For a further discussion of this point see Dainow, Ranking Problems of Chattel Mortgages and Civil Code Privileges in Louisiana Law, 13 La.L.Rev. 637, 652 (1953).

. LSA-C.C. arts. 3186, 3191, 3216, 3252, 3254.