SUCCESSION OF SANDRA A.      \*      NO. 2019-CA-0858
MCELVEEN ROBIHO

                               \*

                                    COURT OF APPEAL

                               \*

                                   FOURTH CIRCUIT

                               \*

                                   STATE OF LOUISIANA

                     \* \* \* \* \* \* \*

CONSOLIDATED WITH:            CONSOLIDATED WITH:

SUCCESSION OF MELISSA         NO. 2019-CA-0859
MARIA ROBIHO

CONSOLIDATED WITH:            CONSOLIDATED WITH:

MELVIN PAUL ROBIHO, JR. AS     NO. 2019-CA-0860
ADMINISTRATOR OF THE
ESTATE OF SANDRA A.
MCELVEEN ROBIHO

VERSUS

BRANDON ROBIHO AND
WHITNEY ROBIHO AS CO-
ADMINISTRATORS OF THE
ESTATE OF MELISSA ROBIHO

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2009-11755, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*
(Court composed of Chief Judge James F. McKay, III, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

*DYSART, J., CONCURS IN THE RESULT*

Joshua Paul Mathews
Roy M. Bowes
ROY M. BOWES & ASSOCIATES
2550 Belle Chasse Highway
Suite 200

Gretna, LA 70053

COUNSEL FOR APPELLANT


Steven A. Queyrouze
ATTORNEY AT LAW
141 Robert E. Lee Blvd., Suite 133
New Orleans, LA 70124

Robert Angelle
ATTORNEY AT LAW
3231 North I-10 Service Road West
Metairie, LA 70002


COUNSEL FOR DEFENDANT/APPELLEE


**REVERSED AND REMANDED**

**DECEMBER 30, 2020**

*SCG*
*GFM*

This appeal arises from a dispute for unpaid legal fees between an attorney and both the former and current administrators of two consolidated successions. Appellant, Roy M. Bowes d/b/a Roy Bowes and Associates ("Bowes"), is an attorney that represented the former administrator of the successions of Sandra A. McElveen Robiho and Melissa M. Robiho. Melvin P. Robiho, Jr. ("Melvin, Jr.") is the former administrator, and appellee Steven A. Queyrouze ("Mr. Queyrouze") is the current independent administrator of the successions (collectively, "Defendants"). Bowes appeals the trial court's judgments: (1) granting Defendants' Peremptory Exception of Prescription; and (2) denying Bowe's Motion for a New Trial. For the reasons that follow, we reverse and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

Bowes is an attorney who originally represented Melvin, Jr. individually as an heir to the Successions of Melvin Paul Robiho, Sr. ("Succession of Melvyn, Sr.") and Sandra A. McElveen Robiho, and in his official capacity as the administrator of the Succession of Sandra A. McElveen Robiho ("Succession of Sandra"). Bowes began legal work for Melvyn, Jr. on October 19, 2009. In their original contract executed on October 26, 2009, Bowes and Melvin, Jr. agreed to:

> a fix sum fee of $20,000.00 or $250 per hour whichever amount is greater, to be paid upon the rendition of a Judgment of Possession in the Succession of Sandra M. Robiho or upon sale of the succession property located on A.P. Tureaud Ave.

While rendering services for these two successions, another succession was opened for Melvin, Jr.'s sister, Melissa Robiho, who died intestate on June 4, 2011. In August 2011, Melvin, Jr. became the administrator for the Succession of Melissa Robiho ("Succession of Melissa"), and Bowes' legal representation included work for this succession as well.

In June 2013, Bowes and Melvin, Jr. amended their original attorney-client contract. The contract formally extended representation to include the Succession of Melissa and established the payment rate as hourly. A provision of the contract reserved the right of Bowes to terminate the relationship for non-payment of costs. Melvin, Jr. signed the amended contract in his capacity as administrator for the successions of Sandra and Melissa. Melvin, Jr. also executed a Personal Guaranty guaranteeing the payment of prior and ongoing legal services provided by Bowes for the benefit of the successions. In this Guaranty, Melvin, Jr. stated that payment

3

"will not be payable until the mortgage on the Tureaud Ave. property is paid in full, or that property is sold, whichever comes first."

In August 2014, Salvador Bivalacqua filed a Motion to Substitute to replace Bowes as counsel of record. On September 24, 2014, Mr. Bivalacqua filed an interim accounting that included the legal fees owed to Bowes as an unpaid debt of the Succession of Sandra. On December 10, 2014, the trial court signed a judgment homologating the interim accounting submitted on September 24, 2014. In the homologated interim accounting, Bowes' total legal fees of $42,348.22 were included as a succession debt recognized by the court.

In June 2018, the A.P. Tureaud Avenue property was sold. In February 2019, Bowes filed a Petition of Intervention in the Succession of Sandra for payment of his legal fees. In response, the newly appointed independent administrator, Mr. Queyrouze, and Melvin, Jr., filed a Peremptory Exception of Prescription, which asserted that Bowes' claim for legal fees was barred by prescription.

After a hearing, the trial court rendered a final judgment on April 12, 2019 granting Defendants' Peremptory Exception of Prescription and dismissing Bowes' Petition for Intervention, with prejudice. The trial court found that, as a matter of law, prescription of three years for collection of debts for professional services applied to Bowes' claim for his attorney's fees pursuant to La. C.C. art. 3494.

On June 14, 2019, the trial court denied Bowes' Motion for a New Trial. Bowes filed this timely devolutive appeal of the trial court's April 12, 2019 and June 14, 2019 judgments.

## DISCUSSION

In this appeal, Bowes' sole assignment of error is that the trial court erred by ruling that his claim for attorney's fees had prescribed under La. C.C. art. 3494. Bowes contends that prescription on his claim was interrupted by the homologation judgment on December 10, 2014.

Traditionally, prescription is a factual determination to be reviewed under the manifest error standard of review. *Bell v. Glaser*, 08-0279, p. 4 (La. App. 4 Cir. 7/1/09); 16 So.3d 514, 516. Because we find that the trial court misapplied the law of successions, we review the judgment granting the peremptory exception of prescription under the *de novo* standard of review. *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, p. 8 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 800.

Bowes contends that the trial court committed legal error by applying the three-year prescriptive period of La. C.C.P. art. 3494 to his claim for unpaid legal fees, which are a debt of the succession. We agree.

"Estate debts" are defined in La. C.C. art. 1415 as follows"

> Estate debts are debts of the decedent and administrative expenses. Debts of the decedent are obligations of the decedent or those that arise as a result of his death, such as the cost of his funeral and burial. Administrative expenses are obligations incurred in the collection, preservation, management, and distribution of the estate of the decedent.

Louisiana courts have ruled that attorney's fees incurred by the administrator in his or her official capacity are debts of the estate when there is proof that the attorney fees are expenses for the benefit of the succession and not for the personal benefit of the administrator. *See In Succession of Reno,* (La. App. 1 Cir. 9/12/16), 202 So.3d 1147, 1156 (reversing the trial court's homologation of tableau that included attorney's fees because "[i]t was impossible to clearly determine what

5

fees, if any, were incurred solely for the preservation, management, and protection of the succession property").

"A creditor of a succession under administration may submit his claim to the succession representative for acknowledgment and payment in the due course of administration." La. C.C.P. art. 3241. An estate debt is considered acknowledged by a succession representative when it is included in the tableau of distribution. *See* La. C.C.P. Art. 3244. Further, inclusion in the tableau of distribution creates a *prima facie* presumption of the validity of the claim. *Id.* Bowes' legal fees were included in the interim tableau of distribution via the homologation judgment. This is an acknowledgment of his claim as a debt of the succession. This judgment included Bowes' legal fees as a debt of the Succession of Sandra. No appeal was taken of the homologation order and no other challenges against the validity of the claim were made.

An attorney's claim for fees incurred in settling a succession is governed by La. C.C. art. 3276:

> The charges against a succession such as **funeral charges**, law charges, **lawyer fees for settling the succession**, the thousand dollars secured in certain cases to the surviving spouse or minor heirs of the deceased, **and all claims against the succession originating after the death of the person whose succession is under administration**, are to be paid before the debts contracted by the deceased person, except as otherwise provided for herein, and they are not required to be recorded. [Emphasis added.]

Thus, the legal fees incurred by Bowes on behalf of Melvin, Jr., in his official capacity as administrator of the Succession of Sandra, are a privileged debt

6

of the estates to be paid before personal debts incurred by the decedents themselves because those legal fees were for settling the successions. [1]

Under Louisiana law, attorney's fees incurred in administering a succession have a special privileged status, and are not subject to a three year prescriptive period. [2] In *Succession of Ford*, 91 So.2d 71, 74 (La. App. 1st Cir. 1956), the court held that attorney's fees and expenses of the last illness were not subject to three year prescription because "such expenses are a privileged charge against the estate, and so long as the estate is not settled the heirs hold the property subject to such charge."

In an analogous case, *Sanders v. Sanders*, 85 So.2d 61, 62 (La. App. 1st Cir. 1955), the court declared that the Civil Code's three-year prescriptive period does not apply to a claim for funeral expenses, which holds a special privilege – just like attorney's fees – under La. C.C. art. 3276 ("funeral expenses are not a debt of the deceased, but a charge upon the estate of a highly privileged nature"). According to the *Sanders* court:

> [I]n so far as property of the estate, funeral expenses are a privileged charge against same. This privilege upon the property of the estate does not need to be recorded, Article 3276, LSA-Civil Code. So long as the estate is not settled and the heirs hold the property in indivision or under administration, they hold it subject to such charge. **"The usual statutes of limitation do not always apply to claims against the estate for matters arising after the death of decedent, as, for instance, for funeral expenses and costs of administration."** [Emphasis added].

*Sanders*, 85 So. 2d at 64 (citing 21 Am. Jur. Sec. 924 (1939)). Am. Jur. stated:

---

[1] A lawyer's fees for settling a succession are also a general privilege under La. C.C. art. 3252. *Liviccari v. Demarest*, 352 So.2d 792, 793-94 (La. App. 4th Cir. 1977).

[2] Funeral expenses have the same privileged status as attorney's fees under La. C.C. art. 3276.

The usual statutes of limitation do not always apply to claims against the estate for matters arising after the death of the decedent as for instance, for funeral expenses and costs of administration. Thus, it has been held that an attorney's fee for services in probating a will is not a debt against the estate of the decedent in the nature of costs, against which such a statute of limitations will not run in favor of the heirs and devisees.

Bowes' claim for his attorney's fees incurred in settling the Succession of Sandra is a privileged charge against the property of the estate that is not subject to the three-year prescriptive period for personal debts of the deceased. The trial court erred as a matter of law in applying La. C.C. art. 3494 to a privileged debt of the succession, and dismissing Bowes' claim for attorney's fees earned during the administration of the succession.

## CONCLUSION

For the reasons stated above, we reverse the trial court's April 12, 2019 judgment granting the Defendants' Peremptory Exception of Prescription and remand for further proceedings.

**REVERSED AND REMANDED**